UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM  DIVISION
www.flmb.uscourts.gov

In re:
All Seasons Joy, LLC,                                    Case No.: 26-12879
                                                         Chapter 11

          Debtor.

_____/

**DEBTOR'S EMERGENCY MOTION TO VACATE ORDER
DISMISSING CASE AND REINSTATE CHAPTER 11 PROCEEDING**
(Emergency Hearing Requested)

| STATEMENT OF EMERGENCY PURSUANT TO LOCAL RULE 9075-1 |
| --- |

**(A)**  Nature of Emergency and Required Hearing Date.  The Order Dismissing Case was entered on April 15, 2026. As of the date of dismissal, the automatic stay has terminated, leaving the Debtor's assets and business operations exposed to creditor action without the protections of the Bankruptcy Code.  Each day the Debtor remains outside of bankruptcy imposes direct, immediate, and substantial harm upon the estate and the Debtor's ability to reorganize. The missing document that triggered dismissal — a Statement Under Penalty of Perjury Pursuant to 11 U.S.C. § 1116(1)(B) — has been prepared, executed, and is being filed simultaneously herewith, fully curing the deficiency. The Debtor respectfully requests that the Court schedule a hearing at the Court's earliest availability, and no later than seven (7) days from the date of this filing.

**(B)**  Certification of Bona Fide Effort to Resolve Without Hearing.  Undersigned counsel certifies that, prior to filing this Motion, counsel contacted the Office of the United States Trustee and the Sub V Trustee to advise of the Debtor's intent to file this Motion and to inquire whether the U.S. Trustee or the Sub V Trustee would consent to or non-oppose reinstatement.  Both have consented

to the relief sought in this motion.  The Debtor has attached a proposed order granting the Motion hereto as Exhibit "A"

Debtor, All Seasons Joy, LLC (the "Debtor"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(b), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, and 11 U.S.C. § 105(a), to vacate the Order Dismissing Case entered on April 15, 2026 [Doc. 24] (the "Dismissal Order") and reinstate this Chapter 11 case, and in support thereof states:

## BACKGROUND

1.      The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 9, 2026.

2.      On March 10, 2026, the Court issued a Notice of Deadline(s) to Correct Filing Deficiency(ies) [Doc. 6], identifying the following deficiency: the Chapter 11 Small Business Petition was not accompanied by a Balance Sheet, Statement of Operations, Cash Flow Statement, Federal Income Tax Return, or a Statement as to Documents Required under 11 U.S.C. § 1116(1)(B). The deadline to cure this specific deficiency was March 17, 2026.

3.      On April 15, 2026, the Court entered the Dismissal Order, finding that the Debtor had failed to correct the foregoing deficiency by the March 17, 2026 deadline.

4.      The Debtor has now prepared and is filing simultaneously herewith a Statement Under Penalty of Perjury Pursuant to 11 U.S.C. § 1116(1)(B) (the "§ 1116(1)(B) Statement"), executed by Hughetta Davis, the sole member of the Debtor, which fully cures the identified deficiency.

**ARGUMENT**

I.    **THE COURT SHOULD VACATE THE DISMISSAL ORDER UNDER RULE 60(b)**

5.      Federal Rule of Civil Procedure 60(b), applicable here through Fed. R. Bankr. P. 9024, provides that a court may relieve a party from a final order for, among other reasons: (1) mistake, inadvertence, surprise, or excusable neglect; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(1), (6).

6.      Courts apply a four-factor test for excusable neglect under Rule 60(b)(1), examining: (a) the danger of prejudice to the opposing party; (b) the length of the delay and its potential impact on judicial proceedings; (c) the reason for the delay, including whether it was within the reasonable control of the movant; and (d) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

7.      All four Pioneer factors weigh in favor of reinstatement here. First, there is no prejudice to any creditor or party in interest — this case is in its earliest stages and no plan has been filed. Second, the delay is minimal: the Dismissal Order was entered on April 15, 2026, and this Motion is being filed promptly thereafter. Third, the failure to timely file the § 1116(1)(B) Statement was the result of excusable neglect, as the undersigned overlooked the undersigned overlooked the failure to file the formal statement of non-preparation was itself an adequate cure under § 1116(1)(B). Fourth, the Debtor has acted in complete good faith, having now prepared and tendered the required statement.

8.      Moreover, the deficiency at issue was purely formal in nature. Section 1116(1)(B) expressly contemplates exactly this scenario: where a small business debtor has not prepared the financial documents required under § 1116(1)(A), the debtor satisfies its obligation by filing a

statement under penalty of perjury to that effect. The Debtor has now done so. There is no substantive prejudice to any party and no impediment to reinstating the case.

**II.     REINSTATEMENT SERVES THE INTERESTS OF JUSTICE AND THE PURPOSES OF CHAPTER 11**

9.      The Court also has authority to reinstate this case under 11 U.S.C. § 105(a), which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

10.     Dismissal of a small business Chapter 11 case for failure to file a § 1116(1)(B) statement is a harsh remedy that should not be imposed where the deficiency is immediately curable and where no party has been harmed. The Eleventh Circuit has recognized that courts should be reluctant to dismiss a bankruptcy case — particularly a reorganization case — on purely technical grounds where reinstatement would not prejudice any party. See *In re Failla*, 838 F.3d 1170 (11th Cir. 2016) (discussing the importance of balancing the Bankruptcy Code's fresh-start policy against other considerations).

11.     Reinstatement of this case will permit the Debtor to pursue a reorganization that may allow it to satisfy its creditors and preserve its business operations, consistent with the rehabilitative purposes of Chapter 11.

## CONCLUSION

WHEREFORE, Debtor, All Seasons Joy, LLC, respectfully requests that this Court: (i) schedule an emergency hearing at the Court's earliest availability; (ii) or vacate the Order Dismissing Case entered on April 15, 2026 [Doc. 24]; (iii) reinstate this Chapter 11 case; and (iv) grant such other and further relief as the Court deems just and proper.

Dated: this 20th day of April 2026            Respectfully submitted,

*/s/ Frank M. Wolff*
Frank M. Wolff, Esq.
Florida Bar No. 319521
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
Phone: (407) 966-2680
fwolff@nardellalaw.com
klynch@nardellalaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 22, 2026**,** a true and correct copy of the foregoing has been served

via CM/ECF notification on all interested parties registered to receive electronic notification

and/or via first class U.S. mail as indicated on the Service List below:

### <u>Service List</u>

**<u>Notice Service via CM/ECF electronic filing:</u>**
Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov
Linda Marie Leali
trustee@lealilaw.com,
F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net;nahomy@lealilaw.com;ecf.alert+LeaLi@titlexi.com
Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov
Frank M. Wolff, Esq on behalf of Debtor All Seasons Joy, LLC
fwolff@nardellalaw.com, klynch@nardellalaw.com;msayne@nardellalaw.com;ibennett@nardellalaw.com

**<u>Notice Service via U.S. Postal Service First Class Mail:</u>**

The non-CM/ECF parties on the mailing matrix attached.

*/s/ Frank M. Wolff*
Frank M. Wolff, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM  DIVISION
www.flmb.uscourts.gov

In re:
All Seasons Joy, LLC,                                    Case No.: 26-12879
                                                                    Chapter 11

        Debtor.
_____/

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO VACATE**
**ORDER DISMISSING CASE AND REINSTATE CHAPTER 11 PROCEEDING**

THIS MATTER came before the Court upon the Debtor's Emergency Motion to Vacate

Order Dismissing Case and Reinstate Chapter 11 Proceeding [Doc. ___] (the "Motion") filed by

All Seasons Joy, LLC (the "Debtor"). The Court has reviewed the Motion and all related filings,

noted the consent to the motion by the United States Trustee and the Subchapter V Trustee, and

being otherwise duly advised in the premises, finds as follows:

The Chapter 11 case of All Seasons Joy, LLC was dismissed on April 15, 2026 [Doc. 24] (the "Dismissal Order") due to the Debtor's failure to file a Balance Sheet, Statement of Operations, Cash Flow Statement, Federal Income Tax Return, or a Statement as to Documents Required under 11 U.S.C. § 1116(1)(B) by the required deadline.

The Debtor has now filed a Statement Under Penalty of Perjury Pursuant to 11 U.S.C. § 1116(1)(B) [Doc. ___], executed by Hughetta Davis, sole member of the Debtor, which fully cures the deficiency identified in the Dismissal Order.

The Court finds that the Debtor's failure to timely file the required statement constitutes excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b)(1), as made applicable by Federal Rule of Bankruptcy Procedure 9024. Specifically, the Court finds: (a) no creditor or party in interest will be prejudiced by reinstatement of this case at its earliest stage; (b) the delay between entry of the Dismissal Order and the filing of the Motion is minimal; (c) the deficiency was purely formal and has been immediately and fully cured; and (d) the Debtor has acted in good faith.

The Court further finds that reinstatement of this case is necessary and appropriate to carry out the provisions of Title 11 pursuant to 11 U.S.C. § 105(a), and is consistent with the rehabilitative purposes of Chapter 11.

Accordingly, it is ORDERED as follows:

1.      The Debtor's Emergency Motion to Vacate Order Dismissing Case and Reinstate Chapter 11 Proceeding [Doc. ___] is **GRANTED**.

2.      The Order Dismissing Case entered on April 15, 2026 [Doc. 24] is hereby **VACATED**.

3.      This Chapter 11 case is hereby **REINSTATED** effective as of the date of this Order, and all deadlines and obligations under the Bankruptcy Code, Bankruptcy Rules, and Local Rules that were tolled or suspended during the period of dismissal shall resume or be reset as provided by applicable law and rule.

5.      The Debtor shall promptly comply with all remaining filing requirements and deadlines previously identified in the Notice of Deadline(s) to Correct Filing Deficiency(ies) [Doc. 6] that have not yet been satisfied, within such time as the Court may direct.

6.      The Clerk of Court is directed to update the case docket to reflect the reinstatement of this Chapter 11 case.

###

Submitted by:

*/s/ Frank M. Wolff*
Frank M. Wolff, Esq.
Florida Bar No. 319521
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
Phone: (407) 966-2680
fwolff@nardellalaw.com
klynch@nardellalaw.com

Attorney Frank M. Wolff is directed to serve this order on all interested parties and file a Certificate of Service with the Court.

Label Matrix for local noticing
113C-9
Case 26-12879-EPK
Southern District of Florida
West Palm Beach
Wed Apr 22 10:00:16 EDT 2026

All Seasons Joy, LLC
1441 W 30th St
Riviera Beach, FL 33404-3535

Akira West
340 West 19th St.
Riviera Beach, FL 33404-6125

Frank Daniels
757 W. 5th Street
Riviera Beach, FL 33404-7405

Geraldine Blount
1472 W. 34th St
Riviera Beach, FL 33404-2984

Hill Top Missionary Baptist Church
1273 W. 30th Street
Riviera Beach, FL 33404-3531

Jean Ferdinand
1350 W. 29th St
Riviera Beach, FL 33404-3524

Lucinda Warren
1472 W. 34th Street #1
Riviera Beach, FL 33404-2984

Mary Hightower
1306 W. 23rd St
Riviera Beach, FL 33404-4206

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm Beach County Tax Collector
Governmental Center
301 North Olive Ave
3rd Floor
West Palm Beach, FL 33401-4700

Tucker Law
c/o Matthew Sean Tucker
800 SE 3rd Avenue
Suite 300
Fort Lauderdale, FL 33316-1152

Frank M. Wolff Esq
135 W. Central Blvd., Ste. 300
Orlando, FL 32801-2435

Linda Marie Leali
2525 Ponce De Leon Blvd., Suite 300
Coral Gables, FL 33134-6044

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    13
Bypassed recipients     1
Total                  14