

**ORDERED in the Southern District of Florida on April 28, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM  DIVISION
www.flmb.uscourts.gov

In re:
All Seasons Joy, LLC,                                   Case No.: 26-12879-EPK
                                                                   Chapter 11

          Debtor.

_____/

## ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO VACATE ORDER DISMISSING CASE AND REINSTATE CHAPTER 11 PROCEEDING

THIS MATTER came before the Court upon the Debtor's Emergency Motion to Vacate

Order Dismissing Case and Reinstate Chapter 11 Proceeding [Doc. 30] (the "Motion") filed by

All Seasons Joy, LLC (the "Debtor"). The Court has reviewed the Motion and all related filings,

noted the consent to the motion by the United States Trustee and the Subchapter V Trustee, and

being otherwise duly advised in the premises, finds as follows:

The Chapter 11 case of All Seasons Joy, LLC was dismissed on April 15, 2026 [Doc. 24] (the

"Dismissal Order") due to the Debtor's failure to file a Balance Sheet, Statement of Operations,

Cash Flow Statement, Federal Income Tax Return, or a Statement as to Documents Required under 11 U.S.C. § 1116(1)(B) by the required deadline.  Upon the entry of the Dismissal Order until the entry of this Order, the automatic stay has not been in effect.

The Debtor has now filed a Statement Under Penalty of Perjury Pursuant to 11 U.S.C. § 1116(1)(B) [Doc. 29], executed by Hughetta Davis, sole member of the Debtor, which fully cures the deficiency identified in the Dismissal Order.

The Court finds that the Debtor's failure to timely file the required statement constitutes excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b)(1), as made applicable by Federal Rule of Bankruptcy Procedure 9024. Specifically, the Court finds: (a) no creditor or party in interest will be prejudiced by reinstatement of this case at its earliest stage; (b) the delay between entry of the Dismissal Order and the filing of the Motion is minimal; (c) the deficiency was purely formal and has been immediately and fully cured; and (d) the Debtor has acted in good faith.

Given the dismissal of the case on April 15, 2026

The Court further finds that reinstatement of this case is necessary and appropriate to carry out the provisions of Title 11 pursuant to 11 U.S.C. § 105(a), and is consistent with the rehabilitative purposes of Chapter 11.

Accordingly, it is ORDERED as follows:

1.      The Debtor's Emergency Motion to Vacate Order Dismissing Case and Reinstate Chapter 11 Proceeding [Doc. 30] is **GRANTED**.

2.      The Order Dismissing Case entered on April 15, 2026 [Doc. 24] is hereby **VACATED**.

3.       This Chapter 11 case is hereby **REINSTATED** effective as of the date of this Order, and all deadlines and obligations under the Bankruptcy Code, Bankruptcy Rules, and Local Rules that were tolled or suspended during the period of dismissal shall resume or be reset as provided by applicable law and rule.

5.       The Debtor shall promptly comply with all remaining filing requirements and deadlines previously identified in the Notice of Deadline(s) to Correct Filing Deficiency(ies) [Doc. 6] that have not yet been satisfied, within such time as the Court may direct.

6.       The Clerk of Court is directed to update the case docket to reflect the reinstatement of this Chapter 11 case.

7.       The automatic stay is reimposed by this Order.

###

Submitted by:

*/s/ Frank M. Wolff*
Frank M. Wolff, Esq.
Florida Bar No. 319521
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
Phone: (407) 966-2680
fwolff@nardellalaw.com
klynch@nardellalaw.com

Attorney Frank M. Wolff is directed to serve this order on all interested parties and file a Certificate of Service with the Court.