UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:
ALL SEASONS JOY, LLC,

      Debtor.

CASE NO. 26-12879-EPK
Chapter 11

**CREDITOR FRANK DANIEL'S RESPONSE IN OPPOSITION TO DEBTOR'S
EMERGENCY MOTION TO VACATE ORDER DISMISSING CASE AND REINSTATE
CHAPTER 11 PROCEEDING [ECF NOS. 28 and 30]**

**COMES NOW**, Frank Daniels ("Daniels"), a judgment creditor and party in interest, responds in opposition to the Debtor's Emergency Motion to Vacate Order Dismissing Case and Reinstate Chapter 11 Proceeding [ECF Nos. 28 and 30] (the "Motion"). The Motion should be denied. Alternatively, any reinstatement should be conditioned to protect Daniels and should preserve Daniels' rights, costs, and ability to seek immediate stay relief.

## I.      INTRODUCTION

1.      The Debtor asks this Court to vacate a dismissal order entered after the Debtor failed to comply with basic small-business Chapter 11 disclosure requirements. The Debtor characterizes the deficiency as formal, immediately curable, and non-prejudicial. The record does not support that characterization.

2.      First, the alleged cure is defective or, at minimum, facially ambiguous. The Debtor filed a Statement Under Penalty of Perjury Pursuant to 11 U.S.C. § 1116(1)(B) [ECF No. 29], but that statement says that a "Federal income tax return has been filed." Section 1116(1)(B) excuses filing the tax return only if no federal tax return has been filed. **If a return exists, the Debtor was required to file it**. If the statement meant to say the opposite, the Court should not reinstate a Chapter 11 case based on an inaccurate or unreliable sworn statement. **And if the**

**Page 1 of 14**

**Debtor meant the opposite, it contradicts her sworn testimony on January 27, 2025:**

**Q.   You filed taxes for All Seasons Joy?**
    MR. BROWN:  Form.
**A.   Yes.**
BY MR. TUCKER:
    Q.   When was the last time you filed tax returns
for All Seasons Joy?
    A.   2013.
    Q.   Why has your company --
    A.   2023.  2023.
**Q.   So, All Seasons Joy filed tax returns in 2023?**
**A.   Right.**
    Q.   Is there a reason that they haven't been
produced to us?
    A.   Excuse me?
    Q.   Is there a reason why those tax returns have
not been produced to us?
    A.   Because of CPA is sick.

*See* Exhibit A (emphasis added).   Based on the sworn testimony, Section 1116(1)(B) is unavailable as tax returns were filed according to Ms. Davis.  Instead, compliance with Section 1116(1)(A) was required.

3.      Second, Daniels has been prejudiced. After dismissal, the automatic stay terminated, and Daniels acted in reliance on the Dismissal Order by restarting the sheriff's sale process in aid of execution on his judgment. Daniels has incurred and/or will continue to incur, additional sheriff, notice, publication, administrative, and attorneys' fees and costs. Reinstatement would not restore a neutral status quo; it would interrupt a sale process that Daniels lawfully restarted after dismissal and force Daniels to incur further bankruptcy litigation costs.  This sale has been repeatedly attempted and repeatedly canceled.

4.      Third, if this case is reinstated, Daniels intends to promptly seek relief from the automatic stay as All Seasons Joy has no possible way to reorganize. That fact reinforces prejudice: reinstatement would immediately require Daniels to pause or defend against

**Page 2 of 14**

interruption of the sale process and litigate stay relief because the Debtor failed to satisfy known statutory and court-ordered filing requirements.

5.    Fourth, the case law supports denial. In a closely analogous Subchapter V case, In re EJ Legacy, LLC, the bankruptcy court denied reinstatement after dismissal for failure to comply with § 1116 and other Chapter 11 obligations. There, as here, the creditor had obtained a rescheduled sale date after dismissal; the court held that the relevant prejudice was the delay to the creditor's sale process and denied Rule 60(b) relief. *In re EJ Legacy, LLC*, No. 6:22-bk-00910-TPG (Bankr. M.D. Fla. June 6, 2022) ("The Debtor offered only Mr. Hixson's representations that the purportedly extraordinary circumstances resulted from administrative problems which are now resolved. Administrative problems happen. They are not extraordinary. The Debtor has not demonstrated a right to relief under Rule 60(b)(6).").

6.    The Motion should be denied. If the Court is inclined to reinstate the case, reinstatement should be prospective only, conditioned on immediate compliance, and coupled with an expedited procedure for Daniels's anticipated motion for relief from stay.

## II.    BACKGROUND

7.    The Debtor filed its voluntary Chapter 11 Subchapter V petition on March 9, 2026 to stop a sheriff's sale of five properties the following day. [ECF No. 1].

8.    On March 10, 2026, the Court issued a Notice of Deadline(s) to Correct Filing Deficiency(ies) [ECF No. 6], identifying, among other things, that the Chapter 11 small-business petition was not accompanied by a balance sheet, statement of operations, cash-flow statement, federal income tax return, or statement as to documents required under 11 U.S.C. § 1116(1)(B).

9.    The Dismissal Order states that the Debtor failed to correct this deficiency by the March 30, 2026 deadline. [ECF No. 24]. The Motion states that the deadline was March 17,

2026. [ECF No. 30 ¶ 2]. Under either date, the Debtor did not timely comply.

10.     On April 15, 2026, the Court entered the Order Dismissing Case [ECF No. 24] (the "Dismissal Order") because the Debtor failed to correct the required filing deficiency.

11.     On April 22, 2026, the Debtor filed the Motion. The Debtor admits that, as of dismissal, "the automatic stay has terminated," leaving the Debtor's assets exposed to creditor action. [ECF No. 30 at 1].

12.     The Debtor contends that the missing § 1116 statement has been filed and "fully" cures the deficiency. [ECF No. 30 ¶ 4]. The Debtor's proposed order similarly asks the Court to find that the statement fully cures the deficiency and that no creditor or party in interest will be prejudiced by reinstatement. [ECF No. 30, Ex. A].

13.     The filed statement does not establish a full cure. It states that no balance sheet, statement of operations, or cash-flow statement has been prepared, but also states that a "Federal income tax return has been filed." [ECF No. 29].

14.     The broader docket also undermines the Debtor's request. The United States Trustee previously moved to dismiss this case [ECF No. 16], representing that: (a) the Debtor owns and leases five residential properties in Riviera Beach; (b) the reason for filing bankruptcy was related to a judgment against the Debtor in excess of $3 million; (c) the Debtor claimed the judgment creditor Frank Daniels may be the only creditor other than the Brevard County Tax Collector; (d) the Debtor represented that it intended to file several motions within fourteen days of the petition date but had not filed them; and (e) the Debtor failed to provide proof of adequate insurance. [ECF No. 16 ¶¶ 5-10].

15.     The United States Trustee further asserted that failure to provide proof of adequate insurance may pose a risk to the estate and the public, particularly because the Debtor

**Page 4 of 14**

may have tenants in its properties. [ECF No. 16 ¶¶ 10-14].

16. Following entry of the Dismissal Order, Daniels acted in reliance on the dismissal and the termination of the automatic stay by restarting the sheriff's sale process. Daniels has incurred and/or will continue to incur, additional costs, expenses, and attorneys' fees associated with restarting, noticing, scheduling, and prosecuting that sale process.

17. If this case is reinstated, Daniels intends to promptly seek relief from the automatic stay under 11 U.S.C. § 362(d).

### III. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases, subject to exceptions not relevant here. Fed. R. Bankr. P. 9024. Rule 60(b)(1) permits relief from an order based on mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(6) permits relief for "any other reason that justifies relief," but that catchall provision requires extraordinary circumstances and cannot be used to avoid the requirements of Rule 60(b)(1). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

The excusable-neglect inquiry is equitable and considers all relevant circumstances, including: (a) prejudice to the opposing party; (b) the length of delay and its potential impact on judicial proceedings; (c) the reason for the delay, including whether the delay was within the movant's reasonable control; and (d) whether the movant acted in good faith. Pioneer, 507 U.S. at 395.

The movant bears the burden of demonstrating a sufficient basis for relief. The Eleventh Circuit has cautioned that a movant cannot prevail merely because a court could have vacated its order; the movant must present a justification compelling enough to warrant relief. *In re*

*Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).   "Clients must be held accountable for the acts and omissions of their attorneys *Pioneer*, 507 U.S. at 396.

### IV.   ARGUMENT

**A.   The Dismissal Order was procedurally proper and the omitted disclosures were not merely formal.**

The Dismissal Order was properly entered. Southern District of Florida Local Rule 1017-(A)(2)(d) permits dismissal of a voluntary case without further notice or hearing when the debtor has received notice of a filing deficiency and warning before expiration of the deadline, the debtor fails to file the required papers by the deadline, and no timely request for extension remains pending.

The Dismissal Order expressly found that the Debtor failed to correct the small-business filing deficiency by the required deadline. [ECF No. 24]. The Debtor does not dispute that the deficiency existed or that the required statement was not timely filed.

The deficiency was not merely "formal." Section 1116(1) requires a small-business debtor to append to the petition its most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or file a sworn statement that no such financial documents have been prepared and no federal tax return has been filed. 11 U.S.C. § 1116(1)(A)-(B).

Those early disclosure requirements are central in a small-business Chapter 11 and Subchapter V case, where the Court, the trustees, and creditors must quickly evaluate the Debtor's business, assets, liabilities, insurance, operations, and ability to reorganize. The statute is designed to move small-business reorganizations quickly and efficiently. *See In re Wildwood Villages, LLC*, No. 3:20-bk-02569-RCT, 2021 WL 1784408, at *3 (Bankr. M.D. Fla. May 4,

**Page 6 of 14**

2021) ("The statute is designed and focused on reorganizing small businesses quickly and efficiently"); *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 619 B.R. 519, 520 (Bankr. M.D. Fla. 2020) ("Strict timelines require parties to quickly move the case forward.").

Reinstating this case based on a belated and defective statement would dilute the statutory purpose of § 1116 and reward a debtor that did not comply with the very disclosure obligations Congress imposed at the outset of a small-business case.

**B.      The Debtor has not fully cured the § 1116 deficiency.**

The Motion rests on the assertion that the Debtor filed the missing § 1116(1)(B) statement and thereby "fully" cured the deficiency. That premise is wrong. Section 1116(1) gives a small-business debtor two options. The debtor must either file its most recent financial documents and federal income tax return under § 1116(1)(A), or file a sworn statement under § 1116(1)(B) that no balance sheet, statement of operations, or cash-flow statement has been prepared and no federal tax return has been filed.

The Debtor's statement says a "Federal income tax return has been filed." [ECF No. 29]. If that is true, the Debtor was required to file the tax return. If that language is a typographical error, the Debtor has still not provided a reliable sworn cure. It does not appear to be typographical error. Debtor testified in January 2025 through Ms. Davis that All Seasons Joy filed tax returns. Ex. A. Either way, the Court cannot make the requested finding that the deficiency has been fully cured.

At minimum, the Debtor must file the federal income tax return referenced in ECF No. 29 or file a corrected, accurate, sworn statement that strictly complies with § 1116(1)(B) before the Court considers reinstatement.

**Page 7 of 14**

C.      **The Pioneer factors weigh against reinstatement.**

The Debtor asserts that all *Pioneer* factors favor reinstatement. They do not.

1.   *Daniels will be prejudiced by reinstatement.*

The Debtor asks the Court to find no prejudice because the case is in its early stages and no plan has been filed. [ECF No. 30 ¶ 7; ECF No. 30, Ex. A]. That proposed finding would be inaccurate.

The relevant inquiry is the prejudice to Daniels if the case is reinstated. *In re EJ Legacy, LLC*, No. 6:22-bk-00910-TPG (Bankr. M.D. Fla. June 6, 2022). *In EJ Legacy*, a Subchapter V debtor moved to vacate dismissal after failing to comply with § 1116, court orders, and local rules. After dismissal, the secured creditor obtained a rescheduled foreclosure sale date. The court held that the prejudice to the creditor was the delay in the sale process and that the first Pioneer factor weighed against reinstatement.

The same practical prejudice exists here. Daniels has restarted the sheriff's sale process after dismissal. The prejudice is present and concrete: Daniels has incurred additional costs and faces renewed delay of a sale process he lawfully restarted *yet again* after the stay terminated.

Reinstatement would also force Daniels to litigate stay relief to continue the sale process. Daniels intends to move for relief from stay if the case is reinstated. The need for that immediate motion does not decide the Rule 60(b) issue by itself, but it proves that reinstatement will impose real and immediate litigation burden on Daniels.

The consent or non-opposition of the United States Trustee and Subchapter V Trustee does not eliminate Daniels' separate creditor prejudice, particularly where the Debtor's proposed order asks the Court to make a broad no-prejudice finding as to all creditors and parties in interest.

Debtor asserts that all *Pioneer* factors favor reinstatement. They do not.

**Page 8 of 14**

### 2. *The delay and its impact are meaningful in this Subchapter V case.*

The Debtor measures delay only from the Dismissal Order to the Motion. That is too narrow. The case was dismissed because the Debtor failed to satisfy foundational disclosure obligations that were due at the beginning of the case.

In *EJ Legacy*, the court rejected a similar argument even though the motion to vacate was filed only fourteen days after dismissal. The court looked to the debtor's overall failure to comply with § 1116, court orders, and local rules, and emphasized that Subchapter V cases proceed on strict timelines. *In re EJ Legacy, LLC*, No. 6:22-bk-00910-TPG (Bankr. M.D. Fla. June 6, 2022).

Here, the Debtor's failure delayed the basic transparency needed to administer a small-business case. The docket also reflects unresolved concerns regarding proof of insurance, missing schedules or small-business documents, and unfiled motions the Debtor represented it intended to file. [ECF No. 16 ¶¶ 4-10]. The impact is not harmless.

Debtor asserts that all Pioneer factors favor reinstatement. They do not.

### 3. *The reason for the delay was within the Debtor's and counsel's control.*

The Motion provides no compelling reason for the missed deadline. It says the failure was the result of counsel having "overlooked" the need to file the formal statement. [ECF No. 30 ¶ 7].

The Court had issued a deficiency notice. The requirement is statutory. The Debtor and counsel had the ability to comply. "With respect to the third factor, overlooking deadlines and failing to conduct discovery are within the movant's control and do not constitute excusable neglect." *Zurich Am. Ins. Co. v. European Tile & Floors, Inc.*, No. 8:16-CV-729-T-33AAS, 2017 WL 638640, at *3 (M.D. Fla. Feb. 16, 2017).

Nor does the Debtor submit a detailed declaration explaining why the deadline was missed, what safeguards were in place, why the error could not have been prevented, or why the Court

should attribute the omission to excusable neglect rather than ordinary inattention.

The Supreme Court has made clear that parties are accountable for their counsel's acts and omissions. *Pioneer*, 507 U.S. at 396. The Debtor therefore cannot obtain reinstatement merely by shifting responsibility to counsel.

Debtor asserts that all Pioneer factors favor reinstatement. They do not.  Moreover, it appears that the sworn statement is in direct conflict with Debtor's sworn testimony.

### 4.   *The record does not establish good faith.*

The Debtor asserts good faith because it belatedly filed a statement. That is insufficient. Good faith must be evaluated against the whole record.

The United States Trustee represented that the reason for the bankruptcy filing was related to a judgment against the Debtor in excess of $3 million and that the judgment creditor may be the only creditor other than the Brevard County Tax Collector. [ECF No. 16 ¶¶ 5-6]. The Debtor also failed to file motions it said it would file and failed to provide proof of adequate insurance. [ECF No. 16 ¶¶ 7-10].

The Eleventh Circuit recognizes bad faith where a Chapter 11 petition is filed to delay or frustrate legitimate creditor enforcement efforts.  "[A]n intent to abuse the judicial process and the purposes of the reorganization provisions" or, in particular, factors which evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.  *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988); *See also In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) ("**Particularly when there is no realistic possibility of an effective reorganization** and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate.") (emphasis added).  Here, there is no realistic

possibility of effective reorganization. They don't even have tax returns. How then could they possibly satisfy the over $3,000,000 judgment against it. And in fact the taxes were overdue when the bankruptcy was filed in violation of a Court Order in Palm Beach Circuit Court.

Daniels need not obtain a final bad-faith finding to defeat this Motion. It is enough that the existing record does not support the Debtor's requested finding of complete good faith. The timing and circumstances of this case, combined with the defective cure and the Debtor's ongoing compliance issues, weigh against Rule 60(b) relief.

### D. The Pioneer factors weigh against reinstatement.

To the extent the Debtor relies on Rule 60(b)(6), the Motion fails. Rule 60(b)(6) requires extraordinary circumstances and is not a substitute for the excusable-neglect analysis under Rule 60(b)(1). *Pioneer*, 507 U.S. at 393.

The Motion identifies no extraordinary circumstance. It identifies counsel oversight and the Debtor's desire to restore the automatic stay. Those are not extraordinary circumstances.

Section 105(a) also does not provide an independent basis for relief. A bankruptcy court's equitable authority under § 105(a) cannot be used to override specific Bankruptcy Code provisions or procedural requirements. *Law v. Siegel*, 571 U.S. 415, 421 (2014) ("It is hornbook law that § 105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'")

The Debtor's reliance on *In re Failla*, 838 F.3d 1170 (11th Cir. 2016), is misplaced. Failla involved a Chapter 7 debtor's duty to surrender collateral and the bankruptcy court's authority to enforce that duty. It did not involve reinstatement of a dismissed Subchapter V case, did not excuse failure to comply with § 1116, and did not hold that dismissal may be vacated whenever a debtor characterizes a deficiency as technical. If anything, Failla underscores that bankruptcy

**Page 11 of 14**

courts may prevent abuse of the bankruptcy process; it does not support reviving this case on a defective cure and over Daniels' demonstrated prejudice.

## V.    ALTERNATIVE RELIEF IF THE COURT IS INCLINED TO REINSTATE

Daniels respectfully submits that the Motion should be denied. However, if the Court is inclined to grant any relief, Daniels requests that reinstatement be conditioned as follows:

a.  The Debtor must file, before reinstatement or within a deadline set by the Court, either the federal income tax return referenced in ECF No. 29 or a corrected sworn statement that strictly complies with 11 U.S.C. § 1116(1)(B)—which doesn't conflict with her prior sworn testimony.

b.  The Debtor must file all schedules, statements, small-business documents, and operating information required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any U.S. Trustee guidelines.

c.  The Debtor must file proof of adequate insurance for all real properties and any tenant-occupied properties.

d.  The Debtor must certify full compliance with all U.S. Trustee operating requirements.

e.  Any reinstatement order should state that reinstatement is effective only upon entry of the order and does not convert actions lawfully taken during the dismissal period into stay violations.

f.  Daniels' sheriff's sale costs, fees, expenses, and enforcement rights incurred or arising during the dismissal period should be preserved and reserved for later determination.

g.  Daniels should be permitted to file an immediate motion for relief from stay on shortened notice, and the Court should set an expedited hearing on that motion if the case is reinstated.

h.  If stay relief is granted, the Court should waive the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(4).

i.  All rights, remedies, objections, and defenses of Daniels should be preserved, including the right to seek dismissal, conversion, relief from stay, or other appropriate relief.

## VI.    CONCLUSION

The Debtor did not timely comply with § 1116 and the Court's deficiency notice. The alleged cure is defective or unreliable or contracts the prior sworn testimony of Ms. Davis. Daniels has already acted in reliance on dismissal by restarting the sheriff's sale process and will incur further prejudice if the case is reinstated. The Motion does not establish excusable neglect, extraordinary circumstances, or an equitable basis to vacate the Dismissal Order.

**WHEREFORE**, Frank Daniels respectfully requests that the Court:

1.      deny the Debtor's Emergency Motion to Vacate Order Dismissing Case and Reinstate Chapter 11 Proceeding [ECF No. 30]; and

2.      deny emergency relief; or

3.      alternatively, condition any reinstatement on immediate and complete compliance with § 1116, all remaining filing requirements including filing the tax returns that was testified to in January 2025, proof of adequate insurance, and U.S. Trustee compliance; preserve Daniels' sheriff's sale costs, enforcement rights, and right to seek immediate relief from stay; clarify that any reinstatement is prospective only and does not make actions taken during the dismissal period stay violations; set an expedited hearing on Daniels' anticipated motion for relief from stay if the case is reinstated; and grant such other and further relief as the Court deems just and proper.

**Page 13 of 14**

Dated: April 28, 2026

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law ®
800 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Creditor, Frank Daniels*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notice of Electronic Filing in these bankruptcy cases.

By: s/Matthew Sean Tucker

**Page 14 of 14**