**Fill in this information to identify the case:**

Debtor Name All Season Joy, LLC

United States Bankruptcy Court for the: Southern District of Florida

Case number: 26-12879-EPK

☐ Check if this is an amended filing

## Official Form 425C

# Monthly Operating Report for Small Business Under Chapter 11    12/17

Month: March

Date report filed: 5/18/2026
MM / DD / YYYY

Line of business: Real Estate Holding Company

NAISC code: 5311

**In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.**

Responsible party: Hughetta Davis

Original signature of responsible party

Printed name of responsible party Denzel Davis

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
|---|---|---|---|---|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☐ | ☐ | ☑ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☑ | ☐ | ☐ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☑ | ☐ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☑ | ☐ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name _____     Case number_____

17. Have you paid any bills you owed before you filed bankruptcy?     ❏     ❏     ❏

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?     ❏     ❏     ❏

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.     $ _____

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C.* Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C.*

Report the total from *Exhibit C* here.     $ _____

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D.* List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D.*

Report the total from *Exhibit D* here.     **-** $ _____

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit.*     **+** $ _____

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.     **=** $ _____

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E.* Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**     $ _____

   *(Exhibit E)*

Debtor Name  _____     Case number_____

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                                                   $ _____

      *(Exhibit F)*

## 5. Employees

26. What was the number of employees when the case was filed?                          _____

27. What is the number of employees as of the date of this monthly report?          _____

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?          $ _____

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?          $ _____

30. How much have you paid this month in other professional fees?          $ _____

31. How much have you paid in total other professional fees since filing the case?          $ _____

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

| | *Column A* | | Column B | | *Column C* |
|---|---|---|---|---|---|
| | **Projected** | — | **Actual** | = | **Difference** |
| | Copy lines 35-37 from the previous month's report. | | Copy lines 20-22 of this report. | | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ _____ | — | $ _____ | = | $ _____ |
| 33. **Cash disbursements** | $ _____ | — | $ _____ | = | $ _____ |
| 34. **Net cash flow** | $ _____ | — | $ _____ | = | $ _____ |

35. Total projected cash receipts for the next month:          $ _____

36. Total projected cash disbursements for the next month:          − $ _____

37. Total projected net cash flow for the next month:          = $ _____

Debtor Name    _____        Case number_____

**8. Additional Information**

If available, check the box to the left and attach copies of the following documents.

❏   38.   Bank statements for each open account (redact all but the last 4 digits of account numbers).

❏   39.   Bank reconciliation reports for each account.

❏   40.   Financial reports such as an income statement (profit & loss) and/or balance sheet.

❏   41.   Budget, projection, or forecast reports.

❏   42.   Project, job costing, or work-in-progress reports.

**EXHIBIT C**          **Cash receipts**

| Deposits | amount | source |
|---|---|---|
| 3/20/2026 | 9,045.85 | transfer from prepetition account |
| 3/30/2026 | 25,045.85 | wire from Denzel Washington for insurance payment |

**EXHIBIT D**          **cash disbursements**

| Check # | Payee | Amount | Purpose |
|---|---|---|---|
| 3015 | Nelsons Bee Removal | $ 325.00 | bee removal |

**Exhibit F**          **total receivables**

| Property Address | Rent |
|---|---|
| 340 W. 19th Street | 1,750.00 |
| 1472 W. 34th St. 1 | 800.00 |
| 1306 W. 23rd St | 2,000.00 |
| 1350 W. 29th St | 1,000.00 |
| 1424 W. 34 St. | - |
| **Total** | **5,550.00** |

 **BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

BANK OF AMERICA
Preferred Rewards
For Business

**Customer service information**

☐  1.888.BUSINESS (1.888.287.4637)

✎  bankofamerica.com

✉  Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

ALL SEASONS JOY
1441 W 30TH ST
RIVIERA BEACH, FL  33404-3535

🔔  Please see the **Important Messages – Please Read** section of your statement for important details that could impact you.

# Your Business Economy Checking
# Preferred Rewards for Bus Gold

for March 1, 2026 to March 31, 2026                 Account number:          9618

**ALL SEASONS JOY**

## Account summary

| | | |
|---|---|---|
| Beginning balance on March 1, 2026 | $6,799.85 | # of deposits/credits: 3 |
| Deposits and other credits | 2,571.00 | # of withdrawals/debits: 2 |
| Withdrawals and other debits | -9,045.85 | # of deposited items: 1 |
| Checks | -325.00 | # of days in cycle: 31 |
| Service fees | -0.00 | Average ledger balance: $4,374.37 |
| **Ending balance on March 31, 2026** | **$0.00** | |

## Reach for more possibilities

Explore our Center for Business Empowerment for resources to help you get ahead.
What would you like the power to do?®

**Scan here or visit bofa.com/businesscenter today.**

When you use the QRC feature, certain information is collected from your mobile device for business purposes.



SSM-09-25-0244.B | 8388520

ALL SEASONS JOY  |  Account #          9618  |  March 1, 2026 to March 31, 2026

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2026 Bank of America Corporation

**Bank of America, N.A. Member FDIC and**  **Equal Housing Lender**

**BANK OF AMERICA**

# Your checking account

ALL SEASONS JOY  |  Account #        9618  |  March 1, 2026 to March 31, 2026

## Deposits and other credits

| Date | Description | Amount |
|---|---|---|
| 03/02/26 | PBCHACOCC        DES:COCC-EFT  ID:ALL SEASONS JOY  INDN:ALL SEASONS JOY LLC    CO ID:1591296315 PPD | 788.00 |
| 03/06/26 | WPBH        DES:ACH Paymen ID:5839212  INDN:Allen Baron        CO ID:0596001290 CCD | 783.00 |
| 03/09/26 | Counter Credit | 1,000.00 |
| **Total deposits and other credits** | | **$2,571.00** |

## Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 03/17/26 | BKOFAMERICA BC  03/17 #000005819 WITHDRWL | -9,045.85 |
| **Total withdrawals and other debits** | | **-$9,045.85** |

## Checks

| Date | Check # | Amount |
|---|---|---|
| 03/12/26 | 3015 | -325.00 |
| **Total checks** | | **-$325.00** |
| **Total # of checks** | | **1** |

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|---|---|---|---|---|---|
| 03/01 | 6,799.85 | 03/06 | 8,370.85 | 03/12 | 9,045.85 |
| 03/02 | 7,587.85 | 03/09 | 9,370.85 | 03/17 | 0.00 |



# Take your security to the next level

Check your security meter level and watch it rise as you take action to help protect against fraud. See it in the Mobile Banking app and Online Banking.

**To learn more, visit bofa.com/SecurityCenter or scan this code.**

When you use the QRC feature, certain information is collected from your mobile device for business purposes. Mobile Banking requires that you download the Mobile Banking app and may not be available for select mobile devices. Message and data rates may apply.



SSM-01-25-2480 B  1  752B643

ALL SEASONS JOY  |  Account #          9618  |  March 1, 2026 to March 31, 2026

This page intentionally left blank

# BANK OF AMERICA

ALL SEASONS JOY  |  Account # 0055 6183 9618  |  March 1, 2026 to March 31, 2026

## Check images

**Account number: 0055 6183 9618**
Check number: 3015  |  Amount: $325.00

# Important Messages - Please Read

We want to make sure you stay up-to-date on changes, reminders, and other important details that could impact you.

**PLEASE READ THIS DOCUMENT CAREFULLY. WE ARE AMENDING THE ARBITRATION PROVISION OF YOUR EXISTING DEPOSIT AGREEMENT AND DISCLOSURES FOR YOUR BUSINESS ACCOUNT.**

THE AGREEMENT TO ARBITRATE REQUIRES (WITH LIMITED EXCEPTION) THAT ALL DISPUTES BETWEEN YOU AND US BE RESOLVED BY BINDING ARBITRATION WHENEVER EITHER PARTY CHOOSES TO SUBMIT A DISPUTE TO ARBITRATION OR EITHER PARTY REFERS A LAWSUIT FILED BY THE OTHER TO ARBITRATION. ADDITIONALLY, (1) YOU ARE ONLY PERMITTED TO PURSUE CLAIMS ON AN INDIVIDUAL BASIS, NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION OR PROCEEDING, AND (2) YOU MAY NOT BE ABLE TO HAVE ANY CLAIMS YOU HAVE AGAINST US RESOLVED BY A JURY OR IN A COURT OF LAW.

### Business Deposit Accounts

Effective May 15, 2026, all business deposit accounts are subject to the amended Arbitration Agreement for Disputes Relating to Business Accounts that we have included.

Here is a summary of some of the changes you can expect once the amended provision becomes effective:

- Arbitration Election for Resolving Disputes: You or the Bank may file a lawsuit, but if either party elects to submit the dispute to arbitration, the matter must be resolved through binding arbitration.
- Arbitration Administration: Arbitrations will be administered solely by the American Arbitration Association ("AAA") (www.adr.org). If AAA is unable to handle the claim for any reason, a neutral arbitrator will be selected by mutual agreement or, if the parties cannot agree, by a court in accordance with the Federal Arbitration Act ("FAA"), pursuant to the AAA rules of procedure.
- Mass Arbitration: A new Mass Arbitration provision will apply to any claim(s) filed as a part of a "mass arbitration", defined as 25 or more arbitration claims involving the same or similar subject matter and/or issues of law or fact, and where representation of all claimants is the same or coordinated across the cases.
- Finality of Arbitration Rulings: Arbitration rulings will be final and binding and may be enforced by any court with jurisdiction. Appeals of arbitration rulings are not permitted, except as allowed under the FAA, 9 U.S.C. §§ 1-16.
- Small Claims Exception: You or the Bank may pursue a claim in a small claims court instead of arbitration, provided the claim falls within the court's jurisdiction and is filed on an individual basis.

*Bank of America – Arbitration Agreement for Disputes Relating to Business Accounts*
*[This provision will apply to the Resolving Claims section of the Deposit Agreement and Disclosures ("Agreement")]*

### Arbitration Agreement for Disputes Relating to Business Accounts

This arbitration agreement requires that all disputes between you and us be resolved by binding arbitration whenever either party chooses to submit a dispute to arbitration or either party refers a lawsuit filed by the other to arbitration. By means of this arbitration agreement, each party waives the right to have any dispute heard in court whenever either party chooses to submit or refer such dispute to arbitration, subject to the limitations set forth further below in the Scope of Arbitration section. This arbitration agreement is entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") with respect to both substance and procedure. You and we agree that either of us may elect to proceed by arbitration, that the goal of proceeding in arbitration shall be to achieve effective, efficient, and less costly resolution between you and us, and that this arbitration agreement shall be interpreted and applied to achieve that goal.

YOU AND WE ARE WAIVING THE RIGHT TO HAVE OUR DISPUTE HEARD BEFORE A JUDGE OR OTHERWISE TO BE DECIDED BY A COURT. YOU AND WE ARE WAIVING ANY ABILITY TO ASSERT OR PARTICIPATE IN A CLASS, REPRESENTATIVE, OR CONSOLIDATED PROCEEDING, WHETHER IN COURT OR IN ARBITRATION, AND TO HAVE ANY CLAIMS HEARD BY A JURY. ALL DISPUTES, EXCEPT AS STATED BELOW, MUST BE RESOLVED BY BINDING ARBITRATION WHEN EITHER YOU OR WE REQUEST IT.

Continued on next page

Continued from previous page

## Scope of Arbitration

Claims or disputed factual or legal issues between you and us that arise out of or relate in any way to this Agreement, the deposit account, or any aspect of the deposit relationship are subject to and must be decided by arbitration, unless arbitration is prohibited by law.  This Agreement applies equally to you, as well as any persons acting on behalf of the business with respect to the deposit account or any aspect of the deposit relationship, including but not limited to administrators, executors, trustees, agents, nominees, custodians, or any persons with ownership interest in the business.  Additionally, any claims or disputed factual or legal issue arising from or relating in any way to the advertising of our products relating to or under this Agreement, or the application for, or the denial, approval or establishment of your account are included. Claims or disputed factual or legal issues (whether in contract, tort, statutory or otherwise) that fall within the scope of this arbitration provision are subject to arbitration regardless of what legal claim or theory they are based on or whether they seek legal, equitable, or statutory remedies. Arbitration applies to any and all such claims or disputed factual or legal issues, whether they arose in the past, may currently exist, or may arise in the future. All such claims or disputed factual or legal issues are hereinafter referred to in this section as "Claims." To the extent permitted by law, the discovery exchanged between the Bank and you as to any Claim is presumptively limited to the exchange of documents directly relevant to the Claim, absent an order from the arbitrator that good cause exists to require the exchange of additional discovery. The only exception to arbitration of Claims is that both you and we have the right to pursue a Claim in a small claims court instead of arbitration, if the Claim is in that court's jurisdiction and proceeds on an individual basis, whereas Claims in other courts may be compelled into arbitration by either party.

## Waiver of Class, Jury and Other Non-Individualized Relief

By accepting this arbitration agreement you GIVE UP YOUR RIGHT TO GO TO COURT except for matters that may be taken to a small claims court or as otherwise provided for in this agreement. Arbitration will proceed on an INDIVIDUAL BASIS, so class actions, consolidated actions, and similar proceedings will NOT be available to you.

Claims in arbitration will proceed only on an individual basis. Additionally, you may not join your Claims with other persons on other accounts in the arbitration; each person must arbitrate his or her own claims separately and individually. YOU AND WE ARE WAIVING THE RIGHT TO ASSERT OR PARTICIPATE IN A CLASS ACTION, OR ANY REPRESENTATIVE OR CONSOLIDATED PROCEEDING IN COURT OR IN ARBITRATION, AND ARE WAIVING THE RIGHT TO HAVE A JURY DECIDE ANY CLAIM, AS PERMITTED BY LAW. The arbitrator shall have no authority to entertain any Claim as a class action or on any other similar representative basis, nor shall the arbitrator have any authority to consolidate Claims brought by separate claimants (except for claimants on the same account). This means that the arbitrator also shall have no authority to make any award for the benefit of, or against, any person other than the individual who is the named party. If these terms prohibiting class, representative, or consolidation procedures are held to be legally unenforceable for any reason with respect to a Claim, then the Claim must be handled through litigation in court instead of by arbitration, subject to the parties' agreement to waive the right to have a jury decide any Claim.

For individual Claims filed as part of a "mass arbitration," as that term is defined herein, the additional requirements set forth in the "Mass Arbitration" section below shall apply.

## Arbitrator

Arbitrations between us shall be administered by the American Arbitration Association ("AAA") (www.adr.org). The AAA shall apply its rules applicable to Commercial claims and disputes in effect at the time the arbitration is commenced and the Mass Arbitration Supplementary Rules to mass arbitration matters. A single arbitrator shall conduct proceedings under these rules, and a Process Arbitrator and single Merits Arbitrator shall conduct each mass arbitration case. If there is a conflict between the applicable AAA rules and procedures and this arbitration agreement, this arbitration agreement will control. In the event that AAA is unable to handle the Claim for any reason, then the matter shall be arbitrated instead by a neutral arbitrator selected by agreement of the parties (or, if the parties cannot agree, selected by a court in accordance with the FAA), pursuant to the AAA rules of procedure. The arbitrator will have the power to award to a party any damages or relief as permitted by the law and the agreement between you and us (including the limitations set forth below). All pleadings, information and documents exchanged,

Continued on next page

Continued from previous page

and the arbitrator's ruling shall be treated as confidential and have no precedential value. However, if either party seeks to confirm the arbitrator's decision in court, the parties agree that the documents necessary for such confirmation need not be filed under seal.

## Authority of Arbitrator

The parties agree that, upon motion by either of us, any arbitrator shall have the power to decide dispositive issues of law prior to a full merits hearing, consistent with Federal Rules of Civil Procedure 12 and 56, and will decide the Claim in accordance with all applicable substantive law and recognized principles of equity. The arbitrator will determine whether the claimant has completed the steps necessary to initiate the suit. The arbitrator will construe the Claim under the applicable statutes of limitations provided for under the governing law. The arbitrator will honor all claims of privilege recognized by law. The arbitrator will have the power to award to a party any damages or relief as permitted by the law and the agreement between you and us (including the limitations set forth above). In addition, the arbitrator has the same power as a federal court to impose sanctions against any represented party or counsel for any violation of the standards of Federal Rule of Civil Procedure 11(b) or 28 U.S.C. § 1927.

## Delegation of Authority to Arbitrator

All issues are for the arbitrator to decide, including the scope of his or her own jurisdiction, and the arbitrability of individual Claims, except that questions of whether the parties have entered into an agreement to arbitrate are for a court of competent jurisdiction to decide.

For disputes regarding the existence of this Agreement, or for any Claims that the arbitrator determines are not arbitrable, the parties consent to jurisdiction and venue in an appropriate court in the state where the deposit account is located.

## Arbitration Demand Filing Requirements

In addition to the requirements set forth in the AAA rules, you agree that upon commencing a case with the AAA, you will provide your name, full account number, mailing address, telephone number, email address, a factual description of every disputed transaction for which you seek compensation (date, amount, and transaction type) and/or event (date, location, and individuals involved), explanation of the basis of your Claim, an itemized calculation of all alleged damages, and, if represented by counsel, a signed statement authorizing us to share information regarding your account and the Claim with them. You must personally sign the demand for arbitration (and your counsel must also sign the demand, if you are represented by counsel). By submitting an arbitration demand, you (and your counsel, if you are represented) represent that, as in court, you are complying with the requirements of Federal Rule of Civil Procedure 11(b). You agree and understand that failure to provide this information may result in dismissal of your Claim, though you have the right to refile once you provide the information described in this section.

## Allocation of Fees

Each party will be responsible for the arbitration fees as allocated by the applicable AAA rules (www.adr.org).

## Fee-shifting and Sanctions

The arbitrator is authorized to afford any relief or impose any sanctions available under the substantive standards established by Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or any applicable state law on represented parties and their counsel. If the arbitrator finds that either the substance of your or our claim or the relief sought was frivolous, without sufficient reasonable inquiry and/or a good faith basis, or was brought for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b), and/or under 28 U.S.C. § 1927), the arbitrator may reallocate compensation, expenses, and administrative fees (which include filing and hearing fees) as justice requires, and as permitted by applicable law.

## Mass Arbitration

You agree that these additional requirements ("Mass Arbitration Procedures") shall apply to your Claim if it is filed as part of a "mass arbitration," which means twenty-five (25) or more arbitration claims involving the same or similar subject matter and/or

Continued on next page

Continued from previous page

issues of law or fact, and where representation of all claimants is the same or coordinated across the cases. You understand and agree that these procedures related to mass arbitrations will apply and that they are designed to (a) lead to the streamlined and cost-effective resolution of claims, consistent with the goal of this arbitration agreement; (b) ensure that large volume filings do not impose unnecessary burdens or impediments to the resolution and cost-effective adjudication of your Claim and similar claims; and (c) preserve the integrity of the arbitration process. You agree to these procedures even though they may delay the arbitration of your individual Claim. If at any point you are unsatisfied with the speed by which your matter is proceeding in mass arbitration, you are free to withdraw your arbitration demand and proceed in small claims court if the Claim is in that court's jurisdiction and proceeds on an individual basis.

**Process Arbitrator Appointment**

You and the Bank agree that before an arbitrator is assigned to determine the merit of your Claim, a "Process Arbitrator" will be appointed. The Process Arbitrator will have the authority to ensure these Mass Arbitration Procedures and the AAA rules are followed. The parties agree that the Process Arbitrator will be selected by the process set forth in AAA Mass Arbitration Supplementary Rules or any equivalent AAA rule then in effect, or consistent with the process set forth herein in the absence of any AAA rule. In short, each party will receive a list of proposed Process Arbitrators provided by the AAA and will meet and confer to identify a mutually-agreeable candidate. If the parties cannot agree, they will submit their preferences to the AAA, and the AAA will select a Process Arbitrator.

**Process Arbitrator Authority**

In addition to the authority outlined in the AAA Mass Arbitration Supplementary Rules, the parties agree that the Process Arbitrator shall be empowered to resolve any dispute regarding whether your Claim should be dismissed because, for example, you failed to comply with the Mass Arbitration Filing Requirements, any other requirements outlined in this agreement, or as permitted to address dismissal as would be permitted under the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 12. You agree that if the Process Arbitrator finds you failed to comply with any requirement, your Claim will be dismissed, without prejudice to refiling once the deficiencies are remedied. The Process Arbitrator will also have the power to decide whether, based on the information submitted in the Mass Arbitration Filing Requirements and/or pursuant to any alternative filing requirements then in effect, there are other threshold eligibility issues for your case to proceed, including but not limited to whether you had an account with the Bank, experienced the transaction, fee, or event at issue, or otherwise cannot pursue the claim due to a clear legal or factual deficiency, and to dismiss your Claim as appropriate. The Process Arbitrator shall have the power to determine whether or not a given dispute regarding these Mass Arbitration Filing Requirements and/or Procedures are within the Process Arbitrator's jurisdiction. The Process Arbitrator shall be authorized to afford any relief or impose any sanctions available under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or any applicable state law.

**Mass Arbitration Procedure**

Following the resolution of any disputes within the jurisdiction of the Process Arbitrator, if any, counsel for the claimants and counsel for the Bank shall each select fifteen (15) cases (per side) to proceed first in individual arbitration proceedings on the merits of each claim. Unless the parties otherwise agree, in no event shall any individual Merits Arbitrator be assigned more than five (5) cases. The parties agree that each side shall have the right to have fifteen (15) cases of their choosing proceed to final hearing, which shall occur within ninety (90) days of the selection of the cases (unless the parties agree to a different time period), before the process described in this section moves forward. After the first thirty (30) cases are resolved, counsel will meet and confer regarding ways to improve the efficiency of the proceedings, including whether to pursue settlement discussions or mediation or to change the number of cases filed in each stage. If the parties are unable to resolve the remaining cases after the conclusion of the initial thirty (30) proceedings and conferring in good faith, each side shall select another fifteen (15) cases per side to proceed to individual arbitration proceedings, which shall occur within ninety (90) days of the selection of the cases (unless the parties agree to a different time period). Each of these thirty (30) cases shall be assigned to a different Merits Arbitrator, though if the parties otherwise agree, a single Merits Arbitrator may be assigned up to five (5) cases. After this second set of thirty (30) cases are resolved, counsel will again meet and confer regarding ways to improve the efficiency of the proceedings, including whether to pursue settlement discussions or mediation or change the number of cases

Continued on next page

Continued from previous page

filed in each stage. If the parties do not reach a global resolution after the second set of cases are resolved, on either party's motion, the Process Arbitrator can decide to expedite the proceedings by forgoing more rounds of case selection and instead assigning Merits Arbitrators to all of the remaining cases at once. If no motion is made, this Mass Arbitration Procedure shall continue with thirty (30) cases in each set of proceedings, consistent with the parameters identified above. You and the Bank agree to engage in these Mass Arbitration Procedures in good faith, which includes an agreement to pay the parties' respective case fee if your case is selected. Any dispute regarding any aspect of the specific Mass Arbitration Procedures outlined in this section shall be resolved by the Process Arbitrator.

### Mass Arbitration Fees
No AAA per case fee shall be assessed in connection with any case until the case is selected to proceed to individual arbitration proceedings as part of the process identified in this section.

### Interpretation and Enforcement of Mass Arbitration Procedure
Any dispute regarding the interpretation or enforcement of these Mass Arbitration Procedures shall be decided by the Process Arbitrator or, in cases that have been released to merits proceedings, the Merits Arbitrator. Their decisions regarding the Mass Arbitration Procedures shall be considered interlocutory in nature and not subject to immediate judicial review. If any terms of these Mass Arbitration Procedures are found to be legally unenforceable for any reason, then the proceedings shall otherwise continue in arbitration in accordance with AAA's Mass Arbitration Supplementary Rules, or any equivalent AAA rule then in effect.

### Survival and Severability of Terms
These arbitration provisions shall survive changes in this Agreement and termination of the account or the relationship between you and us, including the bankruptcy of any party and any sale or assignment of your account, or amounts owed on your account, to another person or entity. If any part of this Agreement is deemed invalid or unenforceable, the other terms shall remain in force, except that there can be no arbitration of a class or representative Claim. This arbitration provision may not be amended, severed or waived, except as provided in this Agreement or in a written agreement between you and us.

### Effect of Arbitration Award; Appeal
The arbitration ruling will be considered final and binding, and enforceable by any court having jurisdiction. No party may seek an appeal of the arbitration ruling, except as provided under the FAA.

### Jurisdiction and Venue
Any action or proceeding regarding a personal or business account or this Agreement must be brought in the state in which the financial center that maintains your account is located. You submit to the personal jurisdiction of that state. Note that any action or proceeding will be governed by and interpreted in accordance with the Governing Law section of this Agreement.

If a Claim is submitted to arbitration and the state where that financial center is located is not reasonably convenient for you, then you and we will attempt to agree on another location. If you and we are unable to agree on another location, then the location will be determined by the Administrator or arbitrator.



**FIFTH THIRD**
(SOUTH FLORIDA)
P.O. BOX 630900 CINCINNATI OH  45263-0900

ALL SEASONS JOY LLC
1441 W 30TH ST
RIVIERA BEACH FL 33404-3535



0

5441
000630

Statement Period Date: 3/20/2026 - 3/31/2026
Account Type: 5/3 BUSINESS CKG
Account Number: 8007875480

Banking Center: Northlake
Banking Center Phone: 561-328-2651
Business Banking Support: 877-534-2264



## Account Summary - ████████75480

| | | | | |
|---|---|---|---|---|
| 03/20 | **Beginning Balance** | **$0.00** | Number of Days in Period | 12 |
| | Checks | | | |
| | Withdrawals / Debits | | | |
| 2 | Deposits / Credits | $25,045.85 | | |
| 03/31 | **Ending Balance** | **$25,045.85** | | |

## Deposits / Credits

2 items totaling $25,045.85

| Date | Amount | Description |
|---|---|---|
| 03/20 | 9,045.85 | DEPOSIT |
| 03/30 | 16,000.00 | INCOMING WIRE TRANS 033026 TRN 20260330011090 |

## Daily Balance Summary

| Date | Amount | Date | Amount |
|---|---|---|---|
| 03/20 | 9,045.85 | 03/30 | 25,045.85 |

IMPORTANT UPDATE TO INTERNATIONAL TRANSACTION FEES. THE INTERNATIONAL TRANSACTION FEE OF 3% WILL BE ASSESSED TO THE TOTAL AMOUNT OF THE USD AMOUNT POSTED PLUS THE CURRENCY CONVERSION FEE.

0025408000063001010O00