UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flmb.uscourts.gov

In re:

All Seasons Joy, LLC,                                    Case No.: 26-12879-EPK
                                                        Chapter 11

          Debtor.

_____/

**DEBTOR'S PLAN OF LIQUIDATION**
**PURSUANT TO SUBCHAPTER V OF CHAPTER 11 OF THE BANKRUPTCY CODE**

All Seasons Joy, LLC (the "Debtor"), by and through undersigned counsel, hereby proposes this Plan of Liquidation (the "Plan") pursuant to Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 1181–1195, and respectfully represents as follows:

**ARTICLE I**

**DEFINITIONS**

Unless the context otherwise requires, the following terms shall have the meanings set forth below when used in this Plan. Any term used in this Plan that is not defined herein but is defined in the Bankruptcy Code shall have the meaning ascribed to it in the Bankruptcy Code.

1. 1 *"Administrative Claim"* means a Claim for costs and expenses of administration of the Debtor's Chapter 11 case entitled to priority under 11 U.S.C. § 503(b) and allowable under 11 U.S.C. § 507(a)(2), including, without limitation, compensation and reimbursement of expenses of professionals retained pursuant to 11 U.S.C. §§ 327, 328, 330, and 331, fees and expenses of the Subchapter V Trustee, and quarterly fees due to the Office of the United States Trustee, if applicable.

1. 2 *"Allowed Claim"* means a Claim or any portion thereof (a) that has been allowed by a Final Order of the Bankruptcy Court, (b) as to which a proof of claim has been timely filed and no objection thereto has been filed within the applicable period of limitation, or (c) that is listed in the Debtor's Schedules as liquidated in amount and not disputed or contingent, and as to which no contrary proof of claim has been filed.

1. 3 *"Bankruptcy Code"* means Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended.

1. 4 *"Bankruptcy Court"* means the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, or such other court having jurisdiction over this Chapter 11 case.

1. 4  *"Bankruptcy Court"* means the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, or such other court having jurisdiction over this Chapter 11 case.

1. 5  *"Case"* means the above-captioned Chapter 11, Subchapter V bankruptcy case, Case No. 26-12879-EPK.

1. 6  *"Claim"* means a claim against the Debtor as defined in 11 U.S.C. § 101(5).

1. 7  *"Confirmation Date"* means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket.

1. 8  *"Confirmation Order"* means the order of the Bankruptcy Court confirming this Plan pursuant to 11 U.S.C. § 1191.

1. 9  *"Daniels" or "Frank Daniels"* means Frank Daniels, individually, residing at 757 W. 5th Street, Riviera Beach, FL 33404, the holder of a judgment lien against the Properties arising from Palm Beach County Circuit Court Case No. 2018-CA-008258.

1.10  *"Debtor"* means All Seasons Joy, LLC, the debtor and debtor-in-possession in this Case.

1.11  *"Effective Date"* means the first Business Day that is fourteen (14) days after the Confirmation Date on which all conditions precedent to the effectiveness of this Plan have been satisfied or waived.

1.12  *"Estate"* means the estate created in this Case pursuant to 11 U.S.C. § 541.

1.13  *"Final Order"* means an order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified, or amended, and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing has expired and no appeal, petition for certiorari, or motion for reargument or rehearing is pending.

1.14  *"Lien"* means any lien, mortgage, security interest, pledge, charge, or encumbrance of any kind.

1.15  *"Net Proceeds"* means, with respect to each Property, the gross sale proceeds less customary closing costs, prorations, broker commissions, and any Allowed Claims secured by such Property (including ad valorem taxes) paid at closing in order of priority.

1.16  *"Palm Beach County Tax Collector"* means the Tax Collector of Palm Beach County, Florida, holder of statutory ad valorem tax liens against the Properties.

1.17  *"Plan"* means this Plan of Liquidation, including any amendments, modifications, or supplements hereto.

1.18  *"Properties"* means, collectively, the five (5) parcels of real property owned by the Debtor and more particularly described in Article III hereof, all located in Riviera Beach, Palm Beach County, Florida.

1.19  *"Real Estate Broker"* means a licensed real estate broker in the State of Florida selected by the Debtor with the consent of Frank Daniels to market and sell the Properties.

1.20  *"Subchapter V Trustee"* means Linda M. Leali, P.A., appointed as the Subchapter V Trustee in this Case.

## ARTICLE II

## BACKGROUND AND SUMMARY OF THE CASE

**2.1  The Debtor.** All Seasons Joy, LLC is a Florida limited liability company with its principal place of business at 1441 W 30th St, Riviera Beach, FL 33404. The Debtor owns five (5) rental properties, all located in Riviera Beach, Palm Beach County, Florida, with a total scheduled value of approximately $1,530,000.00.

**2.2  Filing of the Case.** On March 9, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Case is being administered under Subchapter V of Chapter 11, 11 U.S.C. §§ 1181–1195. The Debtor has remained in possession of its assets and has continued to manage its properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1185 and 1186.

**2.3  Subchapter V Trustee.** Linda M. Leali, P.A., 2525 Ponce De Leon Blvd., Suite 300, Coral Gables, FL 33134, was appointed as the Subchapter V Trustee in this Case.

**2.4  Procedural History.** The Case has had a contested procedural history, including a motion to for relief from the automatic stay filed by Frank Daniels. This Plan is proposed as the Debtor's vehicle for the orderly, court-supervised liquidation of its real estate to maximize the value of the property encumbered by Mr. Daniel's claim and resolve all outstanding claims and conclude the Case.

**2.5  Purpose of the Plan.** The Debtor proposes this Plan of Liquidation to provide for the sale of all five Properties and the distribution of Net Proceeds to creditors in the manner set forth herein. After payment of Administrative Claims all remaining Net Proceeds shall be distributed to Frank Daniels on account of his Allowed Secured/Judgment Claim.  The Debtor's equity interests will receive no distribution.

**2.6  Judgment Lien of Frank Daniels.** Frank Daniels ("Daniels") holds a judgment lien in the amount of $3,006,576.10 arising from a final judgment entered in the Circuit Court of Palm Beach County, Florida, Case No. 2018-CA-008258 (debt incurred February 29, 2024). According to the proof of claim filed by Daniels, the claim with interest was $3,513,869.81 on the date of the Petition.  Said judgment lien encumbers all five Properties. Because the aggregate appraised value of the Properties ($1,715,000.00) is less than the amount of the judgment lien, the claim of Frank Daniels is undersecured.

## ARTICLE III

## DESCRIPTION OF PROPERTIES TO BE SOLD

The Debtor owns the following five (5) parcels of real property (collectively, the "Properties"), all of which shall be sold pursuant to this Plan:

**(a)  340 W. 19th Street, Riviera Beach, FL 33404** — Parcel ID 56-43-42-28-25-011-0210; Scheduled/Appraised Value: $350,000.00.

**(b)  1472 W 34th St, Riviera Beach, FL (3 Units)** — Parcel ID 56-43-42-29-03-007-0320; Scheduled Value: $465,000.00.

**(c)   1306 W. 23rd St, Riviera Beach, FL** — Parcel ID 56-43-42-29-13-017-0370; Scheduled/Appraised Value: $310,000.00.

**(d)   1350 W 29th St, Riviera Beach, FL** — Parcel ID 56-43-42-29-03-017-0370; Scheduled/Appraised Value: $310,000.00.

**(e)   1424 W 34th St, Riviera Beach, FL** — Parcel ID 56-43-42-29-03-007-0430; Scheduled/Appraised Value: $280,000.00.

**Total Appraised Value of Properties: $1,750,000.00.**

The foregoing values are based upon appraisals obtained by the Debtor.  However, the values will untimately determined by the sale of the Properties on the open market, with best efforts made to maximize the values for the benefit of the Estate.

## ARTICLE IV

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

Pursuant to 11 U.S.C. § 1123(a)(1), the following classes of Claims and Interests are designated under this Plan:

**4.1  Unclassified Claims — Administrative Expense Claims (11 U.S.C. § 507(a)(2)).**

Administrative Expense Claims are not classified pursuant to 11 U.S.C. § 1123(a)(1). Administrative Expense Claims include, without limitation: (a) allowed fees and expenses of professionals retained by the Debtor pursuant to 11 U.S.C. §§ 327 and 330; and (b) fees and expenses of the Subchapter V Trustee, Linda M. Leali, P.A.

**Treatment:** All Allowed Administrative Expense Claims shall be paid in full, in Cash, from the proceeds of the sale of the Properties on the Effective Date or as soon thereafter as practicable, or upon such other terms as may be agreed upon between the holder of such Claim and the Debtor, or as ordered by the Bankruptcy Court.

**4.2  Class 1 — Secured Claims of Palm Beach County Tax Collector (Priority Ad Valorem Tax Liens).**

Class 1 consists of the Allowed Secured Claims of the Palm Beach County Tax Collector for unpaid ad valorem real property taxes constituting statutory liens against each of the five Properties. These claims hold priority as tax liens under applicable Florida law.

**Treatment:** Each Allowed Secured Claim of the Palm Beach County Tax Collector shall be paid in full at the closing of the sale of the respective Property against which such tax lien attaches, from the gross proceeds of sale, prior to any distribution to other lienholders or creditors. Class 1 is unimpaired.

**4.3  Class 2 — Secured/Judgment Claim of Frank Daniels.**

Class 2 consists of the Allowed Secured Claim of Frank Daniels in the amount of $3,513,869.81 (or such other amount as may be Allowed by the Bankruptcy Court), arising from a judgment lien recorded in Palm Beach County, Florida, from Circuit Court Case No. 2018-CA-008258. The Daniels judgment lien encumbers all five Properties. The Daniels Claim is undersecured, as the aggregate scheduled value of all Properties ($1,750,000.00) is less than the total amount of the judgment.

**Treatment:** After payment of (i) closing costs and customary prorations, (ii) Allowed Secured Claims of the Palm Beach County Tax Collector (Class 1), and (iii) Allowed Administrative Expense Claims, one hundred percent (100%) of all remaining Net Proceeds from the sale of the Properties shall be distributed to Frank Daniels on account of his Allowed Secured/Judgment Claim until paid in full. To the extent the aggregate Net Proceeds are insufficient to pay the Daniels Claim in full, the deficiency shall be treated as an unsecured claim, which shall receive no further distribution under this Plan. Class 2 is impaired.

**4.4  Class 3 — Equity Interests.**

Class 3 consists of the membership interests in All Seasons Joy, LLC.

**Treatment:** The holders of equity interests in the Debtor shall receive no distribution under this Plan unless and until all Allowed Claims in Classes 1 and 2 and all Administrative Expense Claims have been paid in full. Given that the Daniels Claim substantially exceeds the value of the Properties, no distribution to equity is anticipated. Upon completion of all distributions and the closing of the Case, the Debtor shall be dissolved in accordance with applicable Florida law. Class 3 is impaired.

## ARTICLE V

## MEANS OF IMPLEMENTATION

**5.1  Sale of Properties.**

On and after the Effective Date, the Debtor, as debtor-in-possession, shall be authorized and directed to sell all five Properties described in Article III of this Plan. The Debtor shall

use commercially reasonable efforts to sell the Properties expeditiously and for the highest and best price reasonably obtainable.

### 5.2  Private Sales Through Licensed Real Estate Broker.

Each sale of a Property shall be conducted as a private sale (and not by public auction). The Debtor shall engage a licensed real estate broker in the State of Florida (the "Real Estate Broker") to list, market, and sell each Property. The selection of the Real Estate Broker shall be made by the Debtor with the prior written consent of Frank Daniels, which consent shall not be unreasonably withheld. The Real Estate Broker's commission shall be a customary and reasonable commission consistent with prevailing market rates in Palm Beach County, Florida, and shall be paid from the gross proceeds of the sale of the applicable Property as a closing cost.

### 5.3  Consent of Frank Daniels.

Each sale of a Property under this Plan shall require the prior written consent of Frank Daniels, which consent shall not be unreasonably withheld, conditioned, or delayed. In the event of a dispute as to whether consent has been unreasonably withheld, the Debtor may seek relief from the Bankruptcy Court on an expedited basis.

### 5.4  Sales Free and Clear of Liens — 11 U.S.C. § 363(f).

Each sale of a Property shall be free and clear of all Liens, claims, encumbrances, and interests of any kind or nature whatsoever, pursuant to 11 U.S.C. § 363(f), with all such Liens, claims, encumbrances, and interests attaching to the sale proceeds of the respective Property with the same validity, extent, and priority as existed immediately prior to the closing of such sale. Specifically:

(a)  **As to Frank Daniels:** The sale of each Property free and clear of the Daniels judgment lien is authorized pursuant to 11 U.S.C. § 363(f)(2), on the basis that Frank Daniels has consented (or will consent, as required by Section 5.3 hereof) to such sale free and clear of his lien.

(b)  **As to All Other Lienors and Claimants:** The sale of each Property free and clear of any other Lien, claim, or encumbrance — including, without limitation, the ad valorem tax liens of the Palm Beach County Tax Collector — is authorized pursuant to 11 U.S.C. § 363(f)(5), on the basis that such lienor or claimant could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest.

Any entity having a Lien, claim, or encumbrance against a Property which has been sold pursuant to this Plan is hereby enjoined from asserting such Lien, claim, or encumbrance against the purchaser, the Property (after closing), or any entity other than the Debtor (or the proceeds of sale to the extent of its allowed lien priority).

### 5.5  Transfer Tax Exemption — 11 U.S.C. § 1146(a).

Pursuant to 11 U.S.C. § 1146(a), the sale, transfer, or assignment of any Property under and in furtherance of this Plan, or in connection with the consummation of this Plan, shall

not be subject to any stamp tax, transfer tax, documentary stamp tax, intangible tax, recording tax, or similar tax imposed by any state, county, municipal, or local governmental authority, including, without limitation, any Florida documentary stamp tax under Fla. Stat. § 201.02, any surtax under Fla. Stat. § 201.021, or any intangible tax. The Confirmation Order shall include specific findings and language to effectuate this provision, and any deed, instrument of transfer, or other document recorded or filed in connection with the sale of any Property under this Plan shall recite that the transfer is exempt from such taxes pursuant to 11 U.S.C. § 1146(a) and the Confirmation Order.

### 5.6  Order of Payment from Sale Proceeds.

The proceeds from the sale of each Property shall be applied in the following order of priority:

(a)  First, to the payment of customary and reasonable closing costs, broker commissions, and prorations attributable to such Property;

(b)  Second, to the payment of any valid ad valorem tax liens and/or other Allowed Secured Claims of the Palm Beach County Tax Collector (Class 1) that are secured by such specific Property, in order of their legal priority;

(c)  Third, to the payment of Allowed Administrative Expense Claims of the Estate (including professional fees, and Subchapter V Trustee compensation), to the extent not previously satisfied from other Estate funds;

(d)  Fourth, the balance of Net Proceeds (after satisfaction of items (a) through (c) above) shall be distributed entirely to Frank Daniels on account of his Allowed Secured/Judgment Claim (Class 2), until paid in full; and

(e)  Fifth, in the unlikely event that all Allowed Claims (including the Daniels Claim) are paid in full and a surplus remains, such excess shall revert to the Debtor's equity holders (Class 3).

### 5.7  Vesting of Property.

Upon the closing of the sale of each Property, title to such Property shall vest in the purchaser thereof free and clear of all Liens, claims, encumbrances, and interests, in accordance with Section 5.4 hereof and the Confirmation Order.

### 5.8  Post-Confirmation Operations.

From and after the Effective Date, the Debtor shall retain possession and control of the Properties pending their sale. The Debtor shall continue to maintain the Properties, collect rents, and pay necessary operating expenses from rental income or Estate funds until the Properties are sold and the Case is closed.

### ARTICLE VI

### DISTRIBUTIONS

**6.1  Distributions Generally.**

All distributions under this Plan shall be made by the Debtor (or a Plan Administrator, if one is appointed) from the proceeds of the sale of the Properties and any other Estate funds.

**6.2  Administrative Expense Claims.**

Allowed Administrative Expense Claims shall be paid in full from the proceeds of the sale of the Properties in accordance with the priority set forth in Section 5.6 of this Plan. Administrative Expense Claims shall be paid on the Effective Date, at closing, or as soon thereafter as is practicable.

**6.3  Distribution to Frank Daniels.**

After payment of all closing costs, Class 1 Claims (ad valorem taxes), and Administrative Expense Claims, one hundred percent (100%) of the remaining Net Proceeds from the sale of all Properties shall be distributed to Frank Daniels on account of his Allowed Secured/Judgment Claim. Distributions to Frank Daniels shall be made as each Property is sold — i.e., the Debtor shall not be required to hold proceeds pending the sale of all Properties, but shall distribute Net Proceeds to Daniels at or promptly after the closing of each individual sale.

**6.4  No Distribution to Unsecured Creditors or Equity.**

Given that the aggregate value of the Properties is substantially less than the Daniels Claim, no distribution is anticipated to general unsecured creditors (if any) or to equity interest holders under this Plan.

**6.5  Unclaimed Distributions.**

Any distribution under this Plan that remains unclaimed for a period of ninety (90) days after the date of distribution shall be returned to the Debtor's Estate and thereafter distributed in accordance with the priorities set forth in this Plan.

**ARTICLE VII**

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over the Case and all matters arising under, arising in, or related to this Plan, including, without limitation, jurisdiction to:

(a)  Allow, disallow, determine, liquidate, classify, estimate, or establish the priority, secured or unsecured status, or amount of any Claim, including the resolution of any request for payment of any Administrative Claim, and the resolution of any and all objections to the allowance or priority of Claims;

(b)  Resolve any matters related to the sale of the Properties, including disputes regarding the terms of sale, the adequacy of any offer, the reasonableness of any withheld consent, and the application of 11 U.S.C. § 363(f) and § 1146(a);

(c)  Hear and determine any motions, adversary proceedings, contested matters, and other litigated matters pending on or commenced after the Confirmation Date;

(d)   Enter orders approving the compensation and reimbursement of expenses of professionals for services rendered after the Confirmation Date through the closing of the Case;

(e)  Ensure that distributions to holders of Allowed Claims are accomplished in accordance with the provisions of this Plan;

(f)  Enter and implement such orders as may be necessary or appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(g)  Modify this Plan before or after the Effective Date pursuant to 11 U.S.C. § 1193;

(h)  Issue injunctions, enter and enforce any orders governing the sale of Properties free and clear, and take any action appropriate to restrain interference with the consummation of this Plan;

(i)  Enter a final decree closing the Case; and

(j)  Hear and determine any other matter not inconsistent with the Bankruptcy Code that may arise in connection with or relate to this Plan, the Confirmation Order, or the consummation thereof.

## ARTICLE VIII

## EFFECTIVE DATE AND CONDITIONS PRECEDENT

### 8.1  Effective Date.

The Effective Date of this Plan shall be the first Business Day that is fourteen (14) days after the Confirmation Date, provided that all conditions precedent set forth in Section 8.2 hereof have been satisfied or waived.

### 8.2  Conditions Precedent to the Effective Date.

The following are conditions precedent to the occurrence of the Effective Date:

(a)  The Confirmation Order shall have been entered by the Bankruptcy Court and shall have become a Final Order;

(b)  The Confirmation Order shall be in form and substance acceptable to the Debtor;

(c)  All actions, documents, and agreements necessary to implement the Plan shall have been executed and delivered; and

(d)  No stay of the Confirmation Order shall be in effect.

**8.3  Waiver of Conditions.**

The Debtor may waive any condition precedent set forth in Section 8.2 above at any time, without notice, leave, or order of the Bankruptcy Court, and without any formal action, unless otherwise required by the Bankruptcy Code or other applicable law.

**8.4  Effect of Non-Occurrence of the Effective Date.**

If the Effective Date does not occur within sixty (60) days after the Confirmation Date (or such later date as may be fixed by the Bankruptcy Court), then upon motion by the Debtor or any party in interest made before the Effective Date, the Confirmation Order may be vacated, in which event this Plan shall be null and void in all respects, and nothing contained in this Plan shall constitute a waiver or release of any Claims against, or Interests in, the Debtor.

## ARTICLE IX

## GENERAL PROVISIONS

**9.1  Binding Effect.**

On and after the Confirmation Date, the provisions of this Plan shall bind the Debtor, all holders of Claims and Interests (whether or not they voted to accept the Plan, and whether or not they received distributions under the Plan), and all other parties in interest and their respective successors and assigns.

**9.2  Governing Law.**

Except to the extent that the Bankruptcy Code or other applicable federal law is controlling, the rights, duties, and obligations arising under this Plan shall be governed by and construed in accordance with the laws of the State of Florida, without regard to conflicts-of-law principles.

**9.3  Modification of the Plan.**

The Debtor reserves the right to modify this Plan at any time prior to the Confirmation Date in accordance with 11 U.S.C. § 1193 and Bankruptcy Rule 3019. After the Confirmation Date, the Debtor may modify this Plan to the extent permitted by 11 U.S.C. § 1193(b), provided that the Plan, as modified, meets the requirements of 11 U.S.C. §§ 1191 and 1193(b).

**9.4  Severability.**

If any provision of this Plan is determined to be unenforceable, such determination shall not affect the enforceability or validity of any other provision of this Plan. The Bankruptcy Court, on request of the Debtor, shall have the authority to alter and interpret such provision to make it valid and enforceable to the maximum extent practicable.

**9.5  Notices.**

All notices, requests, and demands required or permitted to be provided under this Plan shall be in writing and shall be deemed to have been duly given when actually received or, if mailed, three (3) Business Days after deposit in the United States mail, postage prepaid, certified or registered, return receipt requested, addressed as follows:

**To the Debtor/Debtor's Counsel:**

Frank M. Wolff, Esq.
Nardella & Nardella, PLLC
135 W. Central Blvd, Suite 300
Orlando, FL 32801
Tel: (407) 966-2680
Email: fwolff@nardellalaw.com

**To Frank Daniels:**

Frank Daniels
c/o Matthew Sean Tucker
800 SE 3rd Avenue, Suite 300

Fort Lauderdale, FL 33316

**To the Subchapter V Trustee:**

Linda M. Leali, P.A.
2525 Ponce De Leon Blvd., Suite 300
Coral Gables, FL 33134

### 9.6 Headings.

Headings used in this Plan are for convenience only and shall not affect the construction or interpretation of any provision of this Plan.

### 9.7 Computation of Time.

In computing any period of time prescribed or allowed by this Plan, the day of the act or event from which the designated period begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

### 9.8 Dissolution of the Debtor.

Upon the sale of all Properties and the completion of all distributions required under this Plan, the Debtor shall be dissolved and its affairs wound up in accordance with applicable Florida law. The Debtor's counsel or such other person as may be designated by the Bankruptcy Court shall file articles of dissolution with the Florida Department of State.

### 9.9 Exculpation.

Headings used in this Plan are for convenience only and shall not affect the construction or interpretation of any provision of this Plan.

### 9.7  Computation of Time.

In computing any period of time prescribed or allowed by this Plan, the day of the act or event from which the designated period begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

### 9.8  Dissolution of the Debtor.

Upon the sale of all Properties and the completion of all distributions required under this Plan, the Debtor shall be dissolved and its affairs wound up in accordance with applicable Florida law. The Debtor's counsel or such other person as may be designated by the Bankruptcy Court shall file articles of dissolution with the Florida Department of State.

### 9.9  Exculpation.

Neither the Debtor, its members, managers, officers, counsel, nor the Subchapter V Trustee shall have or incur any liability for any act or omission in connection with, related to, or arising out of the administration of the Case, the negotiation, formulation, or confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or property to be distributed under this Plan, except for willful misconduct or gross negligence as determined by a Final Order of the Bankruptcy Court.

Dated: The 16th day of July 2026

Respectfully submitted,

**ALL SEASONS JOY, LLC,**
**Debtor**

BY: _Hughetta Davis_
Hughetta Davis, Manager

By its attorneys:

Neither the Debtor, its members, managers, officers, counsel, nor the Subchapter V Trustee shall have or incur any liability for any act or omission in connection with, related to, or arising out of the administration of the Case, the negotiation, formulation, or confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or property to be distributed under this Plan, except for willful misconduct or gross negligence as determined by a Final Order of the Bankruptcy Court.

Dated:the 16th day of July, 2026

Respectfully submitted,

**ALL SEASONS JOY, LLC, Debtor**

**BY:** _____
       Hughetta Davis, Manager

By its attorneys:

Frank M. Wolff
Frank M. Wolff, Esq.
Florida Bar No. 319521
Nardella & Nardella, PLLC
135 W. Central Blvd, Suite 300
Orlando, FL 32801
Tel: (407) 966-2680
Email: fwolff@nardellalaw.com

*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flmb.uscourts.gov

In re:
All Seasons Joy, LLC,                          Case No.: 26-12879-EPK
                                               Chapter 11

            Debtor.

_____/

**LIQUIDATION ANALYSIS AND BEST INTEREST
OF CREDITORS TEST IN SUPPORT OF PLAN OF LIQUIDATION**

**I. INTRODUCTION**

All Seasons Joy, LLC ("ASJ" or the "Debtor") filed a voluntary Chapter 11 Subchapter V petition on March 9, 2026, Case No. 26-12879-EPK, in the United States Bankruptcy Court for the Southern District of Florida. This liquidation analysis is submitted in support of the Debtor's Plan of Liquidation to demonstrate satisfaction of the best interest of creditors test under 11 U.S.C. § 1129(a)(7).

Based on the analysis set forth below, using a gross sale price of $1,750,000 for the Debtor's five Riviera Beach rental properties, secured creditors would receive more under the Plan than in a hypothetical Chapter 7 liquidation, thereby satisfying the requirements of Section 1129(a)(7).

**II. LEGAL STANDARD UNDER 11 U.S.C. § 1129(a)(7)**

Section 1129(a)(7) of the Bankruptcy Code requires that each non-accepting holder of a claim or interest in an impaired class receive or retain, under the plan, property of a value, as of the effective date of the plan, that is not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. This provision, commonly referred to as the "best interest of creditors test," requires the Court to conduct a hypothetical Chapter 7 liquidation analysis and compare the result to the distributions proposed under the Plan.

**III. THE ESTATE'S ASSETS**

Page 1

The Debtor owns five residential rental properties located in Riviera Beach, Palm Beach County, Florida:

- 340 W. 19th Street, Riviera Beach, Florida;

- 1472 W. 34th Street #1 (also referenced as 1427 W. 34th Street), Riviera Beach, Florida;

- 1306 W. 23rd Street, Riviera Beach, Florida;

- 1350 W. 29th Street, Riviera Beach, Florida; and

- 1424 W. 34th Street, Riviera Beach, Florida.

Subsequent appraisal reports dated February 17, 2026, prepared by Calvin E. Gardner, MAI, of Gardner Consulting Services, Inc., valued the properties at $350,000; $465,000 (for 1427/1472 W. 34th Street, a 2–4 unit property); $310,000; $310,000; and $280,000, respectively, for an aggregate appraised value of approximately $1,715,000.

For purposes of this analysis, a gross sale price of $1,750,000 is assumed, which is reasonably supported by the February 2026 appraisals prepared by Mr. Gardner.

### IV. THE ESTATE'S LIABILITIES

Secured claims per Schedule D, filed April 1, 2026, total $3,021,787.73, consisting of the following:

1.      **Judgment Lien – Frank Daniels.**  A judgment lien held by Frank Daniels in the amount of $3,006,576.10, arising from a final judgment entered May 14, 2024, in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 2018-CA-008258. The judgment was affirmed on appeal by the Florida Fourth District Court of Appeal on October 23, 2025.

2.      **Ad Valorem Tax Liens – Palm Beach County Tax Collector.**  Ad valorem property tax liens held by the Palm Beach County Tax Collector against each of the five properties, totaling $15,211.63 in the aggregate ($3,582.80; $3,798.29; $3,008.85; $2,837.29; and $1,984.40, respectively).

## V. COMPARATIVE LIQUIDATION ANALYSIS

The following table presents a comparison of the estimated costs of sale and net proceeds available for distribution to lienholders under a hypothetical Chapter 7 liquidation versus the Debtor's proposed Chapter 11 Plan of Liquidation, using a gross sale price of $1,750,000 in both scenarios:

| Line Item | Chapter 7 Liquidation | Chapter 11 Plan of Liquidation |
|---|---|---|
| Gross Sale Proceeds | $1,750,000 | $1,750,000 |
| Trustee's Fee (§ 326(a)) | ($75,750) | $0 (N/A) |
| Brokerage/Real Estate Commission (6%) | ($105,000) | ($105,000) |
| Professional Fees on Sale | ($6,000) | ($2,000) |
| Documentary Stamp Tax | ($12,250) | $0 (§ 1146(a) exemption) |
| Title Insurance | (same in both scenarios) | (same in both scenarios) |
| **Total Costs of Sale (excl. title ins.)** | **($199,000)** | **($107,000)** |
| **Net Proceeds Available for Distribution** | **$1,551,000** | **$1,643,000** |

**Chapter 7 Trustee's Fee Calculation.** The Chapter 7 trustee's fee is calculated at the maximum statutory commission under 11 U.S.C. § 326(a): 25% of the first $5,000 ($1,250), plus 10% of the next $45,000 ($4,500), plus 5% of the next $950,000 ($47,500), plus 3% of the remaining $750,000 ($22,500), totaling $75,750.

**Documentary Stamp Tax.** In the Chapter 7 scenario, documentary stamp tax of $12,250 applies, consistent with Florida's $0.70 per $100 of consideration deed tax on a $1,750,000 sale outside Miami-Dade County. In the Chapter 11 scenario, the transfer is exempt from documentary stamp tax pursuant to 11 U.S.C. § 1146(a), which exempts transfers made pursuant to a confirmed Chapter 11 plan, consistent with *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33 (2008), assuming the sale closes after and pursuant to plan confirmation.

## VI. DISTRIBUTION WATERFALL

Under Florida law, ad valorem tax liens have first priority ahead of judgment liens. Accordingly, in both scenarios, the $15,211.63 in aggregate ad valorem tax liens held by the Palm Beach County Tax Collector is paid first and in full. The balance is then applied to the Frank Daniels judgment lien. The following table sets forth the distribution waterfall:

| Creditor | Priority | Ch. 7 Distribution | Ch. 11 Plan Distribution |
|---|---|---|---|
| Palm Beach County Tax Collector | 1st (Tax Lien) | $15,212 (paid in full) | $15,212 (paid in full) |
| Frank Daniels (Judgment Lien) | 2nd (Judgment) | $1,535,788 | $1,627,788 |
| Daniels Deficiency Claim | Unsecured | $1,470,788 (unpaid) | $1,378,788 (unpaid) |
| Tucker Law / Other Unsecured | Unsecured | $0 | $0 |

## VII. APPLICATION OF THE STANDARD

Because the Daniels judgment lien holder would receive approximately $1,627,788 under the Plan compared to approximately $1,535,788 in a hypothetical Chapter 7 liquidation—a difference of approximately $92,000 in the Plan's favor—and because the ad valorem tax lien class is paid in full under both scenarios, and the general unsecured class (consisting of the Daniels deficiency claim and any allowed Tucker Law claim) receives $0 in both scenarios (thereby satisfying the test through parity), the Plan satisfies the best interest of creditors test under 11 U.S.C. § 1129(a)(7) as to all classes on the assumptions used herein.

## IX. CONCLUSION

Based on the assumptions set forth herein, the Debtor's Plan of Liquidation satisfies the best interest of creditors test under 11 U.S.C. § 1129(a)(7) because each class of claims receives property of a value not less than what such class would receive in a hypothetical Chapter 7 liquidation of the estate's assets. The Debtor respectfully submits this Liquidation Analysis in support of confirmation of the Plan.