

**ORDERED in the Southern District of Florida on August 10, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flmb.uscourts.gov

In re:
All Seasons Joy, LLC,

        Debtor.

_____/

Case No.: 26-12879-EPK
Chapter 11

**ORDER CONFIRMING DEBTOR'S AMENDED**
**CHAPTER 11 SMALL BUSINESS SUBCHAPTER V PLAN**
**OF LIQUIDATION AND SETTING POST CONFIRMATION**
**STATUS CONFERENCE FOR AUGUST 12, 2026 AT 2:00P.M.**

**THIS MATTER** came before the Court on July 22, 2026, at 2:00 p.m. at the Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida, for hearing on confirmation of the Debtor's Amended Chapter 11 Small Business Subchapter V Plan of Liquidation [ECF No. 74] (the "Plan"). The Court, having reviewed the Plan,

the record, the pleadings filed in this case, the evidence admitted at the hearing, and being otherwise fully advised in the premises, finds and orders as follows:

## PROCEDURAL BACKGROUND

A.      On or about the petition date, the Debtor, All Seasons Joy, LLC, commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V, of Title 11 of the United States Code (the "Bankruptcy Code"). Linda M. Leali, P.A. serves as the Subchapter V Trustee.

B.      On May 22, 2026, the Debtor filed its Plan of Reorganization [ECF No. 56] (the "Original Plan").

C.      On July 7, 2026, creditor Frank Daniels ("Daniels"), through his counsel Matthew Sean Tucker, Esq. of Tucker Law, P.A., filed an Objection to Confirmation [ECF No. 71] (the "Objection"), directed at the Original Plan.

D.      On July 16, 2026, the Debtor filed its Amended Chapter 11 Small Business Subchapter V Plan of Liquidation [ECF No. 74], which supersedes the Original Plan in its entirety and provides for the orderly liquidation of the Debtor's five real properties through a licensed Florida real estate broker with net sale proceeds paid to creditors in accordance with the priorities established therein.

E.      On July 20, 2026, the Debtor filed its Memorandum of Law in Support of Confirmation [ECF No. 77].

F.      On July 20, 2026, the Debtor filed the Declaration of Denzel Davis in Support of Confirmation [ECF No. 78] (the "Davis Declaration").

G.      On July 21, 2026, the Debtor filed its Amended Liquidation Analysis [ECF No. 81].

H.      The confirmation hearing was held on July 22, 2026. The Debtor appeared through its counsel, Frank M. Wolff, Esq. of Nardella & Nardella, PLLC. Denzel Davis appeared as the Debtor's authorized representative. Creditor Frank Daniels appeared through his counsel, Matthew Sean Tucker, Esq. of Tucker Law, P.A.

I.      At the hearing, the Debtor proffered the testimony of Denzel Davis in the form of the Davis Declaration [ECF No. 78], which was admitted into evidence without objection.

J.      At the hearing, counsel for Daniels proposed certain conditions to approval of the Plan, which the Debtor accepted and which the Court incorporates into this Order as set forth below. The incorporation of these conditions resolves Daniels's Objection [ECF No. 71] in its entirety.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the record, the evidence admitted at the confirmation hearing, the Davis Declaration [ECF No. 78], the Amended Liquidation Analysis [ECF No. 81], the Memorandum of Law in Support of Confirmation [ECF No. 77], and the arguments of counsel, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 and 9014:

1.      *Section 1129(a)(1) Compliance with Applicable Provisions of the Bankruptcy Code.* The Plan complies with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1122 and 1123. The Plan properly designates classes of claims and interests, specifies any unimpaired classes, specifies the treatment of impaired classes, provides the same treatment

for each claim in a particular class, provides adequate means for the Plan's implementation, and contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy.

2.      *Section 1129(a)(2) Proponent Compliance.* The Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1125 and 1126 (as modified by § 1181(b) for small business debtors under Subchapter V), in that the Debtor has provided adequate information to creditors and solicited acceptances in compliance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

3.      *Section 1129(a)(3) Good Faith.* The Plan has been proposed in good faith and not by any means forbidden by law. The Plan was proposed with the legitimate purpose of liquidating the Debtor's assets in an orderly fashion to maximize recovery for creditors.

4.      *Section 1129(a)(4) Court Approval of Certain Payments.* Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable. As set forth in the conditions incorporated herein, no future professional fees shall be paid ahead of Daniels absent a separate application, notice, and Court order.

5.      *Section 1129(a)(5)  Disclosure of Officers and Insiders.* The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor and any successor to the Debtor under the Plan, and the appointment to, or continuance in, such office of such individual is consistent with the interests of creditors, equity security holders, and public policy.

6.      *Section 1129(a)(6) Rate Changes.* The Plan does not provide for any rate change subject to regulatory approval. Section 1129(a)(6) is satisfied.

7.      *Section 1129(a)(7) Best Interests of Creditors.* With respect to each impaired class of claims, each holder of a claim of such class has accepted the Plan or will receive or retain under the Plan, on account of such claim, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 on such date. As demonstrated by the Amended Liquidation Analysis [ECF No. 81] and the Davis Declaration [ECF No. 78], the Plan produces an estimated total recovery to Daniels of approximately $1,598,004, compared to an estimated recovery of approximately $1,519,183 in a hypothetical Chapter 7 liquidation—a margin of approximately $78,821 in the Plan's favor. The best-interests-of-creditors test is satisfied.

8.      *Section 1129(a)(8) Acceptance by Impaired Classes.* The sole impaired class under the Plan is Class 2 (Secured Claim of Frank Daniels). Daniels's Objection [ECF No. 71] is resolved through the incorporation of the negotiated conditions set forth in this Order. Accordingly, Section 1129(a)(8) is satisfied.

9.      *Section 1129(a)(9) Treatment of Priority Claims.* The Plan provides for the treatment of priority claims in accordance with 11 U.S.C. § 1129(a)(9). Class 1 (ad valorem tax claims of the Palm Beach County Tax Collector, in the approximate amount of $15,211.63) will be paid in full at closing from sale proceeds. Administrative claims will be paid in full as provided by the Plan and the conditions set forth herein.

10.     *Section 1129(a)(10) Acceptance by At Least One Impaired Class.* At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including

any acceptance of the Plan by any insider. Section 1129(a)(10) is satisfied, as the Objection has been resolved and Class 2 has accepted the Plan.

11. *Section 1129(a)(11) Feasibility.* Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan. The Plan is a plan of liquidation that provides for the orderly sale of all of the Debtor's properties through a licensed real estate broker and distribution of net proceeds to creditors, followed by dissolution. The Plan is feasible.

12. *Section 1129(a)(12) Payment of Fees.* All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

13. *Sections 1129(a)(13), (a)(14), and (a)(16).* These provisions are either satisfied or inapplicable to this case. The Debtor is not obligated to pay retiree benefits (a)(13); the Debtor does not owe a domestic support obligation (a)(14); and all transfers of property under the Plan are made in accordance with applicable nonbankruptcy law (a)(16).

14. *Section 1129(a)(15) Inapplicable Under § 1191(a).* Pursuant to 11 U.S.C. § 1191(a), the requirements of § 1129(a)(15) do not apply to confirmation of a plan under Subchapter V when the plan is confirmed consensually under § 1191(a).

15. *Confirmation Under 11 U.S.C. § 1191(a).* The Court finds that all applicable requirements of 11 U.S.C. § 1129(a) (other than § 1129(a)(15), which is inapplicable under § 1191(a)) are satisfied. The Plan is therefore confirmed under 11 U.S.C. § 1191(a).

**ORDERED** that**:**

Based upon the foregoing findings of fact and conclusions of law, it is hereby:

1.      The Debtor's Amended Chapter 11 Small Business Subchapter V Plan of Liquidation [ECF No. 74] is CONFIRMED pursuant to 11 U.S.C. § 1191(a), subject to and incorporating the following conditions; and it is further

2.      The following conditions, which resolve the Objection of Frank Daniels [ECF No. 71], are incorporated into and made a part of the confirmed Plan:

3.      <u>Broker and Fees</u>**.** Daniels must approve the broker and listing agreement. All commissions and other brokerage charges must be disclosed in advance. Total broker compensation, including any buyer-broker commission, may not exceed six percent (6%) without Daniels's written consent. No separate transaction, marketing, referral, cancellation, or administrative fees may be charged without Daniels's prior written approval.

**4.**      <u>Deadlines and Relief Upon Default</u>**.** The Debtor shall select the broker and execute all listing agreements within seven (7) days after entry of this Order. All five Properties shall be actively listed for sale, including placement on the applicable multiple listing service, within fourteen (14) days after entry of this Order. The at least one Property shall be under contract occur within one hundred twenty (120) days after entry of this Order, and the closings of all five Properties shall be completed no later than one hundred eighty (180) days after entry of this Order.

These deadlines are firm outside deadlines and may not be extended without Daniels's prior written consent or further order of the Court entered upon a motion filed before expiration of

the applicable deadline and after notice and an opportunity for Daniels to be heard. The pendency of any request for an extension shall not itself extend any deadline.

If the Debtor fails to timely satisfy any deadline set forth in this paragraph, Daniels shall be entitled to expedited relief from the automatic stay to resume enforcement against any unsold Property through a sheriff's sale or any other available state-law remedy. Upon the filing of a motion identifying the missed deadline, the Court shall conduct an expedited hearing at the earliest available date. The Debtor shall bear the burden of establishing extraordinary circumstances sufficient to deny or condition such relief, and continued efforts to market or sell the Properties shall not, standing alone, constitute sufficient cause to excuse noncompliance.

5.      <u>Sale-by-Sale Approval</u>. **The Debtor may sell the properties without further order of this Court. However,** Daniels must receive all offers and counteroffers, the marketing history, title information, inspection issues, proposed credits, and a seller's net sheet showing every deduction and the amount payable to Daniels. Daniels must consent to each sale. Daniels's consent to each sale shall not be unreasonably withheld, conditioned, or delayed. The Debtor must disclose whether any proposed buyer is an insider, as well as any relationship between the buyer, broker, Debtor, Hill Top, the Davis family, Divine Partners, or any affiliate or insider.

6.      <u>Credit-Bid and Overbid Rights</u>**.** FD Recovery, LLC, as Frank Daniels's wholly owned acquisition designee, is authorized to exercise Daniels's rights under 11 U.S.C. § 363(k) and to credit bid all or any portion of Daniels's allowed claim secured by the Property being sold. Any credit bid submitted by FD Recovery, LLC shall be deemed a credit bid by the holder of the allowed claim for purposes of 11 U.S.C. § 363(k), and the amount of the credit bid may be offset

against the purchase price. FD Recovery, LLC may also submit an overbid if a proposed sale price is inadequate. Any Property acquired through a credit bid or overbid shall be conveyed directly to FD Recovery, LLC. Neither Daniels individually nor Tucker Law, P.A. shall be required to take title to any Property.

7.      Payment at Each Closing. All cash net sale proceeds payable to Daniels shall be wired directly to Tucker Law, P.A.'s trust account at each closing. Any disputed portion shall be deposited into and maintained in a segregated escrow account pending written agreement of the parties or further order of the Court and shall not be spent, transferred, or used for professional fees, operating expenses, or any other purpose. No proceeds from the sale of one Property may be retained or withheld pending the sale or closing of any other Property.

8.      Fees and Deductions.  After the payment of the fees in the Debtor pending Application no future professional fees may be paid ahead of Daniels without a separate application, notice, and Court order authorizing such payment. Every deduction from sale proceeds must be specifically identified and quantified.  Confirmation of this Plan does not constitute consent to a surcharge under 11 U.S.C. § 506(c).

9.      Cash and Rents. The Debtor shall provide a full accounting of all current cash on hand, rents collected, tenant ledgers, and operating expenses within fourteen (14) days of entry of this Order. Cash above an agreed reasonable operating reserve in the amount of $1,500 shall be distributed to Daniels rather than accumulated. The cash and rents credited in the Amended Liquidation Analysis (including cash on hand) shall actually be paid to Daniels after payment of Court-approved professional fees, and the Debtor may not retain such amounts for undefined

"necessary operating expenses" absent an approved budget, expense cap, reserve limit, or monthly sweep mechanism approved by the Court.

10.     Preservation of Rights Against Hill Top and Nondebtors. Nothing in the Plan or this Order releases, enjoins, satisfies, or impairs Daniels's rights against any nondebtor.

11.     Additional Protective Provisions.

(a) *Exculpation.* The exculpation provided in the Plan is limited to the Debtor's professionals and the Subchapter V Trustee.

(b) *No Deemed Consent to Sale.* Separate written consent is required for each sale after Daniels receives the purchase agreement, all offers, the marketing history, title information, proposed deductions, and the final seller's net sheet.

(c) *Proper Classification of Secured/Unsecured Deficiency Claim.* Daniels's total allowed claim is $3,513,869.81, less payments actually received. The claim is secured to the extent of the value of the collateral and unsecured for the deficiency. The zero-distribution treatment of the unsecured deficiency applies only in this case (In re All Seasons Joy, LLC, Case No. 26-12879-EPK). The deficiency and the continuing judgment remain fully enforceable against Hill Top Missionary Baptist Church, Inc. and any other liable nondebtor. Nothing in this Order or the Plan treats Daniels as an equity holder or subordinates the deficiency claim. However, nothing in the Order creates a claim or liability in any nondebtor.

(d) *Restrictions on Insider Sales.* No sale may be made to an insider, affiliate, family member of an insider, or entity formed by an insider without full disclosure of the

beneficial ownership of the buyer and the broker's relationships, and Daniels's prior written consent after receiving such disclosure.

(e) Before dissolution of the Debtor or closing of the bankruptcy case, the Debtor is required to provide a final accounting of all rents, bank accounts, operating expenses, professional fees, sale proceeds, and distributions, and to preserve and deliver all relevant books and records.

(f) In the event of any conflict or inconsistency between the Plan and this Order, this Order shall control, and the Plan shall be deemed modified accordingly.12.    The Plan and this Order shall be binding upon the Debtor, all creditors, all equity interest holders, and all other parties in interest, whether or not they have accepted the Plan, and their respective heirs, successors, and assigns; and it is further

13.    Pursuant to 11 U.S.C. § 1146(a), the sale, transfer, or other disposition of any of the Debtor's property made pursuant to, or in furtherance of, the Plan, including without limitation the sale of the five Properties described in the Plan, shall not be subject to any stamp tax, transfer tax, recording tax, documentary stamp tax, or other similar tax under any applicable state or local law; and it is further

14.    That the Objection of Frank Daniels [ECF No. 71] is resolved and overruled to the extent inconsistent with this Order, by virtue of the incorporation of the negotiated conditions set forth above; and it is further

15.    Notwithstanding entry of this Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over the above-captioned case and all matters arising under, arising

in, or related to the Plan and this Order to the fullest extent permitted by law, including, without limitation, jurisdiction to: (a) allow, disallow, determine, liquidate, classify, estimate, or establish the priority, secured or unsecured status, or amount of any Claim, including the resolution of any request for payment of any Administrative Claim, and the resolution of any and all objections to the allowance or priority of Claims; (b) resolve any matters related to the sale of the Debtor's Properties, including disputes regarding the terms of sale, the adequacy of any offer, the reasonableness of any withheld consent, and the application of 11 U.S.C. § 363(f) and § 1146(a); (c) hear and determine any motions, adversary proceedings, contested matters, and other litigated matters pending on or commenced after the Confirmation Date, including motions for relief from the automatic stay; (d) enter orders approving the compensation and reimbursement of expenses of professionals for services rendered after the Confirmation Date through the closing of the case; (e) ensure that distributions to holders of Allowed Claims are accomplished in accordance with the provisions of the Plan and this Order; (f) enter and implement such orders as may be necessary or appropriate in the event this Order is for any reason stayed, reversed, revoked, modified, or vacated; (g) modify the Plan pursuant to 11 U.S.C. § 1193; (h) enter a final decree closing the case; and (i) hear and determine any other matters related to the case, the Plan, or this Order; and it is further

16.      Except as expressly provided by the Bankruptcy Code or other applicable federal law, the Plan and this Order shall be governed by and construed in accordance with the laws of the State of Florida; and it is further

17.      Debtor's counsel shall serve a copy of this Order on all interested parties, including the Debtor, the Subchapter V Trustee, all creditors, the United States Trustee, and all parties

requesting notice in this case, within three (3) business days of entry of this Order, and shall file a certificate of service with this Court.

18.     Post Confirmation Status Conference. The Court will conduct the post-confirmation status conference on August 12, 2026 at 2:00 p.m. **(Eastern Time) before the Honorable Erik P. Kimball, Flagler Waterview Building, 1515 N. Flagler Dr, Room 801, Courtroom B, West Palm Beach, Florida.**  Although the Court will conduct the hearing in person, all other interested parties may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("**Zoom**"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

###

*Submitted by:*
Frank M. Wolff, Esq.
Florida Bar No. 319521
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
Telephone (407) 966-2680
Email: fwolff@nardellalaw.com
Secondary Email: klynch@nardellalaw.com

Attorney Frank M. Wolff is directed to serve a copy of this order on all interested parties and file a Certificate of Service with the Court.